## Case No. 13,960.

### THOMPSON et al. v. JAMESSON.

[1 Cranch, C. C. 295.] [1]

Circuit Court, District of Columbia. March Term, 1806.

STATUTE OF FRAUDS—DEBT OF ANOTHER—EFFECT OF ANSWER ADMITTING AGREEMENT.

A court of equity will not decree the execution of a verbal agreement to pay the debt of another, although confessed in the answer, if the statute of frauds be pleaded and insisted upon in the answer.

Bill to charge the defendant for goods furnished to Samuel M. Brown, at the request of defendant. The plaintiffs sold the goods to Brown on the credit of the defendant. Brown is dead, insolvent; and the defendant or his agent administered on his estate. Plaintiffs heretofore filed a bill in equity to offset this demand against a judgment of Mandeville & Jamesson, and Jamesson's answer and plea are exhibited.

Mr. Swann, for plaintiffs. If a verbal promise to pay for the debt of another be not in writing, yet if the defendant admits it by his answer it will be decreed to be executed. If the plea stood alone, it would be good, but if the answer admits the parol agreement, the plea shall be overruled. Cottington v. Fletcher, 2 Atk. 155. A letter acknowledging a former verbal promise is sufficient. Mountacue v. Maxwell, 1 Strange, 237. A fortiori an answer on oath to a former bill.

Mr. Youngs, contra. The statute is of no use if you compel the defendant to answer, and to admit the parol agreement. Jamesson's answer to the former bill cannot be produced in evidence. The warranty must be entered into at the time of the original contract. The answer, although it acknowledges the promise, relies on the statute of frauds to defeat it. The defendant was compelled to answer. The bill alleges that the goods were sold to Jamesson, but at his request were delivered to Brown. The bill demands a discovery how the defendant became bound and on what terms, and therefore the defendant was bound to answer as to the parol agreement. The answer does not waive the plea but relies thereon. By the statute the promise was void, not voidable. It can never be set up. An acknowledgment that such a void promise was made, will not make it a binding promise, when at the same time that he makes this acknowledgment he says he was never bound by it. The court cannot dispense with the express words of the act. The court are not left to say whether there is in fact any fraud, or any danger of perjury.

C. Lee, on the same side. If the defendant pleads the statute, it is a bar in equity; so if he insists upon it in his answer. Whitchurch v. Bevis, 2 Brown, Ch. 565. A court

cannot dispense with the law, which is positive; but if the defendant will admit the parol agreement, and not insist on the statute, the court will enforce the agreement. 1 Fonbl. 168.

Mr. Swann, in reply. There are cases within the words of the act, which are yet out of its purview and spirit; as a parol agreement, prevented by defendant from being put in writing; a parol agreement in part executed; a parol agreement confessed and the statute not insisted on. What right has the court to decree the execution of these? Because there is no danger of perjury or fraud. 1 Pow. Cont. 291, 309; Lacon v. Mertins, 3 Atk. 1, 3, S. C.; Whitchurch v. Bevis, 1 Harr. Ch. Prac. 371, 372. The justice of this case is with plaintiffs, and ought to prevail unless stern law be against them. The weight of authorities is in their favor.

CRANCH, Chief Judge. This cause came on to be heard on the bill, answer, plea, and replication. The only facts on which a decree can be founded are those confessed by the answer to this bill or by the answer to a former bill, which is made an exhibit in the present bill. By the answer of the present defendant to a former bill of the complainants against Mandeville & Jamesson, the defendant "admits that he gave a verbal promise to the complainants to pay them the amount of the goods if Brown should be unable to pay for them," but relies and insists on the statute of frauds in the same manner as if he had pleaded it. To the present bill the defendant pleads the statute, and then "not waiving his said plea but wholly relying and insisting thereon, says, he believes it may be true that the complainants sold the goods to Brown, and that the defendant verbally promised to pay for them if Brown should be unable;" and denies that he made any other promise; and denies that the goods were sold to himself, &c. And then says, "And this defendant again relying upon the statute to prevent frauds and perjuries, as aforesaid pleaded, to bar the complainants' demand against him for the supposed undertaking aforesaid, prays to be hence dismissed, &c." To this plea and answer there was a general replication and issue.

On the part of the complainants it is contended that if the parol agreement to pay the debt of another be confessed by the answer, although it relies on the statute of frauds, or although the statute be pleaded, yet the court ought to decree a performance of the agreement, because there can be no danger of fraud or perjury, the prevention of which is the sole object and interest of the statute. It is also said that if a man confess in writing that he did make such a parol agreement, although at the time of such confession he insist that the parol agreement imposed no obligation on him, because the statute makes all such agreements void, yet the court ought to decree its performance, because such con-

[1] [Reported by Hon. William Cranch, Chief Judge.]

fession takes the case out of the evil of the statute. The first case cited in support of these principles is Cottington v. Fletcher, 2 Atk. 155, where the plaintiff charged the defendant with holding a term as trustee for the plaintiff. The defendant pleaded the statute of fraud and perjuries, alleging that there was no declaration of the trust in writing, but by his answer admitted the trust. Lord Chancellor Hardwicke was of opinion that the plea ought to be overruled, and said that if the plea stood by itself it might have been a sufficient plea, but coupled with the answer, which is a full admission of the facts, it must overrule the plea. In that case it does not appear that the defendant, in his answer, still insisted on his plea, and the benefit of the statute. His answer therefore might be considered as a waiver of his plea. But in the present case the defendant, conceiving himself obliged to answer, still takes the utmost care to guard against the confession being considered as a waiver of his plea or defence. If the defendant is obliged to answer and confess a parol agreement, there is no possible case in which a parol agreement can be vacated by that statute; unless the defendant will commit perjury by denying it. Instead therefore of preventing frauds and perjuries, the statute would tend to increase them; for by preventing the plaintiff from proving a parol agreement by any other evidence than the defendant's own oath, it holds out to the defendant the strongest temptation to perjury, and at the same time gives him a perfect security against detection. If the defendant is bound to confess the parol agreement it must be because when confessed he could not avail himself of the statute. But it is settled that he may avail himself of the statute. Hence it seems to follow that he is not bound to confess; for this would be to compel him to confess an immaterial fact. The question then occurs whether, if the defendant voluntarily confess the parol agreement, he can insist on the statute? It is said in Mitf. Treat. 114, that if a plea is coupled with an answer to any part of the bill covered by the plea, the plea will, upon argument, be overruled, and he cites the case of Cottington v. Fletcher, 2 Atk. 155; and in page 124 Mitford says an answer will overrule a plea. But cannot the defendant guard his answer so as to prevent it from having that effect? In the present case, if the answer overrules the plea, yet the answer itself sets up and insists on the same defence. And in 1 Fonbl. p. 171, note d, it is said that it seems to be immaterial whether the defendant set up the defence in the shape of a plea or of an answer; the statute not having prescribed any mode in particular by which a defendant must avail himself of such defence. And he refers to the case of Stewart v. Careless, cited in Whitchurch v. Bevis, 2 Brown, Ch. 566. The question then occurs, whether the statute is in equity, to be considered as a bar to the relief, or a bar to the discovery only. The words of the statute are "that no action shall be brought whereby to charge the defendant," &c., "unless the promise or agreement upon which such action shall be brought, shall be in writing," &c. The act refers evidently to the relief, and is at least as strongly expressed as if it had said that no action shall be maintained upon a parol promise, even if proved in any manner whatever. The confession therefore of a parol promise is not a confession of any cause of action either at law or in equity. A court of equity cannot, more than a court of law, dispense with the positive and clear prohibition of a statute.

There is no case, in which a court of equity has enforced such a parol agreement, when the confession was accompanied with a claim of indemnity under the statute. In Cottington v. Fletcher, the plea was considered as superseded by the answer, which did not insist on the statute. It was therefore the case of an admission of the agreement without claiming the benefit of the statute. The case of Lacon v. Mertins, 3 Atk. 3, has been cited, but the opinion of Lord Chancellor Hardwicke, which is relied on, is only a dictum in a supposed case. He says, "If the bill had been brought by Mrs. Hayes, in her lifetime, and the defendant, Mertins, had admitted the agreement, though he had insisted on not performing it, the court would have decreed it, because the admission takes it out of the statute of fraud and perjuries." He does not say, though he had insisted on the statute; but on not performing it, which is a different thing; and that he did not mean to say on the statute, is evident from the case which was then before him, in which the defendant confessed the agreement, and "offered to perform it." The case of Mountacue v. Maxwell, 1 Strange, 236, has also been cited, to prove that a parol promise, acknowledged afterwards in writing, is sufficient to take the case out of the statute. But the point does not appear in the case. The writing relied on, was not an acknowledgment of the parol promise simply, but a new promise in writing, to perform the parol promise, and this is evidently the ground on which the chancellor overruled the plea, and ordered it to stand for an answer. The statute was not insisted on. The opinion of 1 Pow. Cont. p. 291, has also been cited. But that opinion is founded only upon authorities, in which the statute was not insisted upon; and in one of the cases which he cites (Croyston v. Banes, Finch. Prec. 208), the distinction is expressly taken between the case where a parol agreement is confessed, without insisting upon the statute, and a confession accompanied by a reliance on the statute. There being, therefore, no case in which such a parol agreement, confessed, has been carried into execution, when the defendant has insisted on the statute, this court will not say that it is not bound to obey the

positive injunction of the statute, which forbids any action to be brought upon such an agreement. The bill must be dismissed with costs.