———o———

J. H. MOORE, Plaintiff in Error, *vs.* A. J. MOUNTCASTLE Defendant in Error.

1. *Statute of frauds—Memorandum—Letter addressed to a third party.*—Under a proper construction of the statute of frauds (Wagn. Stat., 656, ? 5) a writing signed by the party sought to be charged, although in the form of a letter addressed to a third party, is a sufficient "memorandum," if explicit enough as to the terms of the contract.

*Error to Cass County Circuit Court.*

*Boggess & Sloan,* for Plaintiff in Error, cited, Bro. Stat. Frauds, 3 ed., § 354, and note 3 ; Moore vs. Hart, 1 Vern.,

110; Fugate vs. Hanford, 3 Littell, 262; Coles vs. Trecothick, 9 Ves., 234–249–50: Gibson vs. Holland, Law Rep. Ct. Com. Pleas, vol. 1, p. 1; Tayl. Ev., 6 ed., p. 902, § 938; Neal vs. Cox, Peck, [Tenn.] 443 : Barrell vs. Joy, 16 Mass., 222; Hutchinson vs. Tindall, 2 Green Chy. [N. J.] 357; Welford vs. Beasley, 3 Atk., 503.

*Woolridge & Daniel,* for Defendant in Error, cited, Phil. Ev., 2 Am. from 3 London Ed., t. p., 335, and s. p. 357 to 369; Bro. Fraud, 2 ed., p. 355, §§ 338, 339, 348.

Hough, Judge, delivered the opinion of the court.

The plaintiff in his petition claimed damages for the breach of a certain contract alleged to have been made by the defendant with him, in relation to certain farming operations, which were to have been managed and controlled for the period of five years by plaintiff, on a farm in Cass county, belonging to the defendant. The defendant relied upon the statute of frauds as a defense to the action.

It appears from the record, that in the year 1871 the plaintiff and the defendant resided in the State of Tennessee, and there entered into an oral agreement in relation to the cultivation and improvement by the plaintiff of the defendant's farm in Cass county. When the plaintiff left Tennessee for Cass county he took a letter from the defendant to one J. K. Lacey, who lived in Cass county near the defendant's land, and who was at that time acting as agent for the defendant. The letter stated that the bearer intended to live upon the defendant's land, solicited from Lacey certain kind offices for the plaintiff, and proceeded to inform him as to the details of a contract between the plaintiff and the defendant as to the farming operations which were to be conducted by the plaintiff. This letter was offered by the plaintiff as evidence of the contract set out in his petition, and the case having been tried without the aid of a jury, it was received by the court subject to objection. Afterwards the plaintiff asked instructions declaring this letter to be a sufficient memorandum, under the statute of frauds, of a contract between the

parties, which were refused by the court, and he thereupon took a nonsuit with leave, etc., and now brings the case here by writ of error.

The statute requires that the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereto legally authorized. The statute was never designed to exclude all memoranda and notes, which had not been agreed upon by the parties as containing the substance of their agreement. If the party sought to be charged should commit to writing, in an epistolary or other form, the substance of the agreement, and sign the same, such writing would support an action against him upon the agreement. The object of the statute was simply to dispense with parol testimony in certain cases, and to require evidence in writing, over the signature of the party to be charged, of the obligation sought to be enforced.

Prof. Greenleaf, in his treatise on the law of Evidence, vol. 1, § 268, says: "It is sufficient if the contract can be *plainly made out in all its terms from any writings of the party, or even from his correspondence.*"

In the case of Welford vs. Beazley (3 Atk., 503), Lord Hardewicke said: "There have been cases where a letter written to a man's own agent, and setting forth the terms of an agreement as concluded by him, has been deemed to be a signing within the statute and agreeable to the provision of it." This case was cited and followed by Lord Eldon in the case of Coles vs. Trecothick. (9 Ves., 235). See also, the case of Allen vs. Bennett (3 Taunt., 169).

It will be seen from the foregoing authorities that the writing offered by the plaintiff, though in the form of a letter addressed to a third party, should have been received by the court as a sufficient memorandum under the statute of frauds, if it was explicit enough as to the terms of the contract. As to that, the land is designated neither by metes and bounds, nor by numbers, but only by words denoting its proximity to other lands, precise enough, however, to render

it capable of identification; and the respective engagements of the plaintiff and defendant in reference thereto are particularly set forth by the defendant and expressed to be their contract. The language of the letter is: "My contract and his is," &c.

We are of opinion, therefore, that the circuit court erred in its rulings in regard to this letter, and its judgment will be reversed and the cause remanded. The other judges concur.