W. F. CUNNINGHAM, Respondent, v. J. M. WILLIAMS
*et al.*, Appellants.

Kansas City Court of Appeals, February 2, 1891.

| 43 | 629 |
| 61 | 640 |
| 43 | 629 |
| 74 | 483 |

| 43 | 629 |
| 98 | ²348 |

| 43 | 629 |
| 98 | ¹458 |
| 98 | ¹462 |

1. **Frauds and Perjuries: SUFFICIENT MEMORANDA: LETTER TO THIRD PARTY.** The agreement is sufficient within the statute of frauds if it appears by different memoranda, or even if in a letter written by the party sought to be charged and directed to a third party.

2. **——: NOT SIGNED BY BOTH PARTIES.** It is not required that the memorandum be signed by both parties. It is sufficient if signed by the party sought to be charged in the suit, and whether the statute reads party or parties makes no difference.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*W. A. Martin*, for appellants.

(1) Defendants rely for reversal of this case on the ground that there never was a binding contract made by the parties, and under the statute of frauds neither party can enforce the agreement. Both parties must be bound or neither is bound. *Langstrap v. Ins. Co.*, 48 Mo. 201, 204. All bargains to be complete are mutual and reciprocal; both parties must be bound and not one alone. 2 Schouler's Personal Property [2 Ed.] secs. 223–229. (2) The demurrer to evidence should have been given by the court after failing to deliver the wheat as per his verbal agreement, and defendant wrote Evans to see plaintiff and get him to hold his wheat for future delivery; he simply agreed verbally to hold it, and neither Evans nor plaintiff notified defendants of the result, so plaintiff never was bound by the contract to let defendants have the wheat. (3) The verdict in this case is against the positive law of the case as

declared by the court in the instructions, and the motion for new trial should have been sustained. In defendants' first and second instructions there is no evidence that plaintiff ever signed any writing; therefore, he was not bound, he never even wrote a letter or authorized one written until in October, and that was simply to ask for sacks to ship his wheat in.

*Sam. C. Major*, for respondent.

(1) There is but one point for the consideration of the court in this cause : Was the contract within the statute of frauds? We say not, and contend that the letter from "Evans" to defendant, written the same evening of the purchase, setting out in full the purchase terms and price ; and the letter written by defendant to his agent in said purchase, "Evans," directing him to see Cunningham and get him to hold the wheat for defendant, takes the case out of the statute of frauds. We suggest that the letter from defendant in writing over his signature, to his agent Evans, after he had been fully advised of the purchase by Evans, directing him to get Cunningham to hold the wheat, clearly comes within the requirement above demanded. Greenl. Ev. [4 Ed.] sec. 258 ; *Owen v. Brockschmidt*, 54 Mo. 258 ; *Welford v. Beazley*, 3 Atk. 503 ; *Coles v. Trecothick*, 9 Ves. 235. (2) As to the mutuality of the contract, "where specific personal property is sold, the presumed intent of the parties is, that the right of property shall become transferred to the buyer and vest in him immediately upon completion of the bargain by mutual assent. And even though the seller subsequently continue in possession of the goods, the presumption remains the same as between the parties, his possession being that of a bailee with a right to recover his price. 2 Schouler's Per. Prop., p. 227.

GILL, J.—This is an action wherein the plaintiff seeks to recover damages for defendants' failure and

refusal to accept and pay for a lot of wheat alleged to have been contracted for by said defendants through their agent, A. W. Evans. The defense relied upon is the statute of frauds. On the trial in the circuit court plaintiff recovered damages in the sum of $480.26, and defendants appeal to this court.

I. When Evans, the agent, agreed with plaintiff for the purchase of the wheat there was no memorandum in writing made and signed by either party. Evans, however, immediately reported by letter the terms, etc., of the purchase to his principals, these defendants. And they subsequently wrote to Evans in full acknowledgment of the purchase, and instructed Evans to see Cunningham and arrange with him to hold the wheat in his bins till a future day—that they were not ready then to receive it. There was ample memoranda in writing signed by *defendants*, and their authorized agent, to fill the requirements of the statute. The agreement is sufficiently shown if it appears by different memoranda, or even if in a letter written by the party sought to be charged and directed to a third party. 1 Greenl. on Ev., sec. 268; *Moore v. Mountcastle*, 61 Mo. 424.

II. Defendants' counsel, however, with seeming confidence, urges that the writing required by the statute is one signed by *both* parties to the contract of sale, and unless so signed cannot be enforced against either. The position is not tenable. The memorandum is sufficient if signed by the *party to be charged*—the party sought to be charged by the suit. Browne on Stat. of Frauds, sec. 365; *Mastin v. Grimes*, 88 Mo. 478. No distinction is made whether the section reads "*party* to be charged" or "*parties* to be charged." The same construction is adopted. Browne Stat. of Frauds, sec. 365.

This record discloses no error in the action of the trial court. Its judgment is, therefore, affirmed. All concur.