ROBERT S. CASH, Appellant, v. FRANK CLARK, Respondent.

### Kansas City Court of Appeals, April 1, 1895.

1. **Frauds and Perjuries:** EFFECT OF STATUTE: EVIDENCE.  The statute of frauds and perjuries does not make a verbal contract void, and the phrase "allowed to be good" means for the purpose of recovery.  And, if there is no objection to verbal proof, the contract will be enforced.

2. ————: SUFFICIENCY OF MEMORANDUM.  A memorandum to take the case out of the statute may come into existence at any time before suit is brought, even after a breach.  Whether after suit brought, *quære*.  A letter to a third person is sufficient, though written for the purpose of repudiating the contract; but, whether repudiating on account of its not being in writing, *quære*.  An answer or pleading in some other cause is sufficient, so are the minutes of a town council or a church society.

3. ————: OBJECT OF STATUTE.  It is not the object of the statute to confer a personal privilege upon a party to enable him to become recreant to his contract, but to prevent others from forcing a spurious contract upon him by false swearing.

4. ————: MEMORANDUM: DEPOSITION.  Plaintiff by verbal contract sold defendant a large amount of corn to be delivered, which defendant refused to accept when tendered.  The plaintiff then sued on the contract, under the statute, took the deposition of the defendant, who therein testified to the terms of the contract.  He then dismissed that suit and brought this one, relying on the deposition as a memorandum.  *Held*, the statement of the contract in the deposition was not voluntary and ought not to be received as taking the case out of the statute, since a party subpœnaed to testify by deposition is required to do so by law and to state the truth.  The statute and cases examined; and it is suggested, *arguendo*, that this construction under the statute removes any temptation to perjury.

*Appeal from the Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Crosby Johnson* for appellant.

(1) At common law, contracts for sale of land or goods of any value were valid. Browne on Statute of Frauds, secs. 115, 135; *McGowan v. West*, 7 Mo. 569; *Farrar v. Patton*, 20 Mo. 81; *Aultman v. Booth*, 95 Mo. 383. (2) The statute of frauds does not render such contracts void or voidable, but merely prescribes a rule of evidence. Browne on Statute of Frauds, sec. 115; *Moore v. Mountcastle*, 61 Mo. 424. (3) So there be a writing expressing the contract and signed by the party to be charged, the courts care nothing about its form nor the purpose for which it was created. *Barry v. Coombs*, 1 Peters, 640; *Adams v. McMillan*, 7 Porter, 73; *Drury v. Young*, 42 Am. Rep. 343. (4) It may be in the form of a letter addressed to a third party, or a pleading or an affidavit in a legal proceeding, or any other memorandum. *Cunningham v. Williams*, 43 Mo. App. 629; *Murphy v. Type Foundry*, 29 Mo. App. 541; *Schad v. Sharp*, 95 Mo. 573; *Bailey v. O'Bannon*, 28 Mo. App. 39; Perry on Trusts, sec. 82; Wharton on Evidence, sec. 872; *Gordon v. Green*, 10 Ga. 534. So it may be in the form of a signed answer in a former suit. *Jones v. Lloyd*, 117 Ill. 597. Or recitals in a will. *In re Hoyle*, 41 Weekly Rep. 81. Or minutes of a town council. *Marden v. Chaplin*, 22 Atl. Rep. 938. Or minutes of a church society. *Johnson v. Trinity Church*, 93 Mass. 123. (5) Nor would the fact that the memorandum was written for the purpose of repudiating the contract detract from its availability. *Drury v. Young*, 42 Am. Rep. 343; *Buxton v. Rust*, L.

R. 7 Ex., 279; 2 Moak's English, 675; *Bailey v. Sweeting*, 9 C. B. (N. S.), 343; *Wilkinson v. Evans*, L. R. 1 C. P. 407. (6) Statute does not require that the memorandum should come into existence concurrently with the creation of the contract. Perry on Trusts, sec. 82; *Ide v. Stanton*, 15 Vt. 685; 40 Am. Dec. 698; *Cunningham v. Williams*, 43 Mo. App. 629; *Buston v. Rust, supra; Leather Co. v. Hieronomus*, L. R. 10 Q. B. 140; Moak's Eng. 211; *Bird v. Munroe*, 43 Am. Rep. 571; Story's Eq., sec. 755; *Jones v. Lloyd*, 117 Ill. 297; *Gordon v. Green*, 10 Ga. 534. (7) The deposition of a party is evidence against him as an admission whether taken in the same suit in which it is offered or in another suit. *Bogie v. Nolan*, 96 Mo. 85; *Priest v. Way*, 87 Mo. 16; *Kritzer v. Smith*, 21 Mo. 296. (8) Even, if the deposition had been coerced from him, that would not have prevented it from being available as a memorandum. *Kritzer v. Smith, supra; Williams v. Cheney*, 3 Gray, 215; *Short v. Tinsley*, 1 Metc. (Ky.) 397; *Roberts v. Tennell*, 3 T. B. Mon. 247.

*William A. Wood* for respondent.

(1) It was not a memorandum voluntarily made; the law compelled him to give his deposition and sign it before the officer taking same. R. S. 1889, pp. 1018, 1019, secs. 4453, 4454. It would not be competent for plaintiff to manufacture written evidence of his alleged contract by taking the deposition of defendant in the pending suit, which deposition defendant could not avoid giving. R. S., p. 2059, sec. 8920; *Royer et al. v. German*, 48 Mo. App. 510; *Larimore v. Bobb*, 114 Mo. 451. (2) The weight of the authority requires the memorandum or written evidence satisfying statute of frauds to be made before the action is brought.

*Heidman v. Wolfstein*, 12 Mo. App. 370; *Hewes v. Taylor*, 70 Pa. St. 387; *Williams v. Bacon*, 2 Grey (Mass.), 387; *Sievewright v. Archibald*, 17 Q. B. 107, 114; 8 Am. and Eng. Encyclopedia of Law, pp. 711, 715. As to the time when the memorandum must be executed, it is settled that it may be at any time subsequent to the formation of the contract by the parties, and before action brought.   Browne on Statute of Frauds [4 Ed.], p. 435, sec. 352a; *Ibid*, p. 420, sec. 388.

   *Harwood & Hubbell* also filed brief for respondent.

   ELLISON, J.—This is an action for damages alleged to have accrued to plaintiff by reason of defendant refusing to perform his contract in the purchase of five thousand bushels of corn, at the price of sixty cents per bushel.   The defendant's answer was a general denial and a plea of the statute of frauds.   The judgment in the circuit court was for the defendant.

   The case turns altogether on the question made as to the statute of frauds.   It arose (substantially) in this way:

   Defendant, by verbal contract, purchased a large lot of corn of the plaintiff, at sixty cents per bushel, to be delivered at a designated shipping point, on a line of railway.   Defendant refused to take the corn.   Plaintiff then brought an action on the contract, and thereupon subpoenaed defendant as a witness before the proper officer and took his deposition, which was duly signed by defendant, in which defendant, in response to inquiries from plaintiff, stated the terms of the verbal contract.   Plaintiff then dismissed his suit and again instituted it (being the present action), in which he relies on the deposition aforesaid as being the memorandum in writing required by the statute of frauds.

   We have found it much easier to come to a conclu-

sion against plaintiff's case, than to give a logical reason therefor, which can be based on the object and purpose of the statute. The case is a novel one, but it has been so strongly put in plaintiff's behalf, that it is not easily overcome, The statute, in the respect here considered, reads: "No contract for the sale of goods, wares and merchandise, for the price of thirty dollars or upwards, shall be allowed to be good * * * unless some note or memorandum in writing be made of the bargain, and signed by the parties to be charged with such contract, or their agents, lawfully authorized." Notwithstanding the language of the statute is that the contract shall not be "*allowed to be good*," unless a note or memorandum be made in writing, yet the construction of this language is that the contract itself is not void, but no evidence shall be received in its support, unless in writing. Browne on Statute of Frauds, secs. 115, 115*a*; *Moore v. Mount Castle*, 61 Mo. 424. The phrase, "allowed to be good," means for the purpose of recovery. *Townsend v. Hargreaves*, 118 Mass. 334. So that, if there should be no objection made to verbal proof by the party affected, it will be enforced. The courts will not voluntarily decline to enforce the contract simply on account of its being verbal.

That the contract itself is not void and need not be in writing, or have a memorandum or note thereof made and signed, in order to its validity, is further evident from the holding of the courts that the note or memorandum need not be made contemporaneously with the contract. Such memorandum will be good if it come into existence at any time before suit brought. *Cunningham v. Williams*, 43 Mo. App. 629; Perry on Trusts, sec. 82; 2 Wharton, Evid., sec. 872; 1 Reed, Stat. Frauds, sec. 325; *Leather Co. v. Hieronomus*, L. R. 10 Q. B. 140. And after a breach had been committed. *Johnson v. Trinity Church*, 11 Allen, 123. And it has

Cash v. Clark.

been held that the memorandum will be good, even though it come into existence after suit is brought (though this has been denied).

A letter, though addressed to a third party, is sufficient, if it contain the requisite statement of the contract. *Cunningham v. Williams,* 43 Mo. App. 629. And it would not alter its availability, if it should be written for the purpose of repudiating the contract. *Drury v. Young,* 58 Md. 546; *Bailey v. Sweeting,* 9 C. B. (N. S.) 843; *Buxton v. Rust,* L. R. 7 Ex. 279; *Wilkinson v. Evans,* L. R. 1 C. P. 407. Whether, if the repudiation was on account of the contract not being in writing, it should still be held not to prevent the use of the letter, is not considered. An answer or pleading in some other cause is sufficient. *Jones v. Lloyd,* 117 Ill. 597; *Gordon v. Green,* 10 Ga. 534. So are the minutes of a town council. *Marden v. Chaplin,* 17 R. I. 423. Or a church society. *Johnson v. Trinity Church,* 11 Allen, 123.

Plaintiff's contention is that, consistently with the foregoing, the deposition of the party to be charged is a sufficient memorandum. With the qualification that it be a voluntary deposition, we concede the proposition. For it must be remembered that the statute was not enacted for the purpose of permitting a person to avoid a contract. The object was not to grant a privilege to a person to refuse to perform what he has agreed to perform. It was not enacted with a view of furnishing a shield to the dishonest, though, as an incident, it sometimes has that effect, by reason of the generality of its application. It was enacted to prevent fraud and perjury, thereby preventing fraudulent claims to be enforced against innocent parties by perjury. The act of parliament statute, 29 Car., has the preamble: "For prevention of many fraudulent practices, which are commonly endeavored to be upheld by perjury and

VOL. 61—41

subornation of perjury; be it enacted," that a contract for the sale of personal property shall not be allowed to be good, unless, etc. The writing is, therefore, the only legal evidence of the contract, and, if we have the defendant's own writing, establishing the contract, especially when that writing is in the form of a sworn statement, all fear of a fraudulent contract being fastened upon him by perjury is at an end, and the purpose of the statute has been literally fulfilled. By keeping constantly in mind that it was not the primary object of the statute to confer a *personal privilege* upon a party, to enable him, at his pleasure, to become recreant to his agreement (though, as before stated, it can be used in that way), but was rather to prevent others from forcing a spurious contract upon him by false swearing; it becomes apparent that, whenever the party himself puts the terms of the contract in writing, the full purpose of the statute has been subserved.

These reflections make it clear enough to our mind that a deposition, voluntarily given by a party to a contract (even though taken, as this was, in a case on the contract), may be used by the opposite party to defeat a plea of the statute. Under what conditions a deposition taken in some foreign or collateral case, in which the contract was stated, would be considered as a voluntary statement of the contract, need not be considered at this time.

By the case which plaintiff presents to us, we understand it to be conceded that the defendant was subpœnaed, and was, of course, by that means, required to give his deposition. In this deposition, plaintiff had him state the terms of the contract, in answer to questions propounded by plaintiff. This, we think, was not a voluntary statement of the contract in writing and ought not to be received as taking the case out of the statute. This is not altogether from its

not being voluntary, in the strict sense, for it is, partly, but from an interpretation of the law as applicable to a deposition and the statute of frauds.

When a party to a cause is subpœnaed to testify by deposition, he is required by law to do so. He is required to state the truth. It will not do to say that the testimony was incompetent, since the contract was verbal and therefore need not have been given; for, besides the fact that the defendant, as a witness, would, perhaps, not be allowed to make that objection before a notary, there are many instances in which verbal contracts are enforced, and it becomes necessary to state them; such as, when there has been part payment, part performance and the like. It must, therefore, be conceded that the law requires his deposition to be given when called for.

The law likewise enacts that he may plead the statute, when called to answer to a verbal contract. Since, then, the law requires him to give his deposition, when called upon, and since the law permits him to plead the statute in an action against him founded on a verbal contract, the two legal propositions ought to be interpreted in harmony and so that one may be carried out in practice without nullifying the other. To do this, we must allow the statute full effect, notwithstanding the defendant may have stated the contract in a deposition required and taken by the opposite party. Otherwise, the statute could practically be set at naught in perhaps the greater number of cases where it has commonly been applied.

We have found no cases bearing directly on the question, but have examined some which we believe to be closely related. They relate to the question of the defendant being allowed, by answer, to admit the verbal contract in terms, and yet plead the statute. They also permit an admission, by answer, of the contract,

as set out in the petition, and yet a plea of the statute. *Walters v. Morgan*, 2 Cox's Chan. 369; *Jackson v. Oglander*, 2 Hem. & Mil. 465; *Cooth v. Jackson*, 6 Ves. 12; *Thompson v. Jamesson*, 1 Cranch, C. C., 295.

This was, at one time, denied on the plausible ground that, if the contract was stated in the answer, or the contract stated in the petition was admitted to be true by the answer, there was no longer any fear of fraud or perjury, since the party to be affected admitted the contract. But this notion gave way to the rule as we have stated it. In *Walters v. Morgan*, just cited, "Mansfield (for the plaintiff) then read a part of the answer by which defendant admitted that he had agreed to grant such a lease, and insisted that, that being admitted by the answer, it was not within the statute of frauds, although the defendant had expressly insisted on the benefit of the statute in his answer." Whereupon, the Lord Chancellor delivered the following opinion: "Do you consider that as the present law of this court? I know Lord THURLOW entertained great doubts on that question; but the court of exchequer uniformly say, that, where a defendant insists on the benefit of the statute, his admission shall not bind him; for it has been determined in many cases a defendant can not protect himself by the statute from answering the fact that such a parol agreement was or was not made; that it would be grossest injustice in the world, after making him answer, to turn that admission into the very ground of taking the case out of the statute. The statute has said no parol agreement shall be enforced. This court has said there may be circumstances under which it will, notwithstanding, excute a parol agreement, and with that view makes a defendant answer the fact of such an agreement, being made in order to give the plaintiff an opportunity of applying such equitable circumstances as he can make out to this

agreement.    Then how can it be endured that notwith-
standing the party insists upon the statute, this admis-
sion alone shall bind him?''

In *Jackson v. Oglander* the vice chancellor said
that ''the defendant must answer, must swear to the
truth of his answer, and must sign it.    If I were to
make any use of an admission so extorted, I should, in
effect, repeal the statute.''    In *Thompson v. Jamesson*,
the cases are examined and the rule stated to be the
same way in America.    And so Judge Scott incident-
ally states the rule to be in *Wildbahn v. Robidoux,* 11
Mo. 659.

The suggestion may be made that in the case of
an answer, admitting the contract, the statute was
specially saved; while in the deposition, there is no
reservation.    But a deposition is not the place where
the defendant could make a plea of the statute, if he
would.

Closely connected with the foregoing are questions
relating to a discovery, on a plea of the statute, whereby
it may be sought to ascertain if there has not been a
parol agreement, and, when thus ascertained, enforced.
But the rule may, with a degree of certainty, be said to
be, that the plea, ''being in bar of a discovery, as to
all matters, which, if discovered and admitted, might be
barred by the statute, so far may the statute be pleaded
in bar of such discovery.''    *Montacute v. Maxwell*, 1 P.
Wms. 618; *Taylor v. Beech*, 1 Ves. Sr. 297; 2 Reed,
Stat. Frauds, sec. 524.

Another thought suggested by the known object
and purpose of the statute is this:    A party, who is
compelled to give his deposition, realizing that his
admission of a verbal contract will deprive him of the
plea of the statute, will be put to great temptation to
commit perjury in order to escape the fatal consequences
to his defense, resulting from such admission.    Thus

the purpose of the statute, if construed in harmony with plaintiff's contention, would not be fully accomplished.

Much of the authority on this question will be found, on examination, to relate to cases arising in equity, but no reason exists why the same rule would not apply to the ordinary action at law.

The result of our opinion, as herein stated, is that the judgment of the circuit court must be affirmed. All concur.