PEYCKE BROTHERS, Respondents, v. ALBERT AHRENS, Appellant.

Kansas City Court of Appeals, February 16, 1903.

Frauds and Perjuries: TELEGRAMS AND CORRESPONDENCE: CONTRACTS.   Certain telegrams and correspondence summarized in the opinion when considered in their entirety disclose every element required to constitute a contract of sale under the statute of frauds, since they aptly refer to one another, to the parties, to the subject-matter and to the price.

Appeal from Jackson Circuit Court.—*Hon. Daniel D. Holmes*, Special Judge.

AFFIRMED.

*Beardsley, Gregory & Kirshner* for appellant.

(1)   Under the decisions of the courts of Missouri, the memorandum required by statute to be signed by the party must contain all the terms of the contract,

The memorandum can not be pieced out by parol nor by other writings not referred to in a writing signed by the party to be charged. Rucker v. Harrington, 52 Mo. App. 481; Miller v. Goodrich, 53 Mo. App. 430; Weil v. Willard, 55 Mo. App. 376; Fox v. Courtney, 111 Mo. App. 150; Boyd v. Paul, 125 Mo. 9; Kelley v. Thuey, 143 Mo. 435; State ex rel. v. Associated Press, 159 Mo. 423; Carrick v. Mincke, 60 Mo. App. 141; King v. Wood, 7 Mo. 399. (2) Where it is sought to satisfy the requirements of the statute of frauds by several writings, as for instance, letters and telegrams, only those can be used in evidence which are signed by the party to be charged, or such others as are referred to in the writings so signed by the party to be charged. Wilstach v. Heyd, 122 Ind. 574, 23 N. E. 963; Sugar Co. v. Babcock, Co., 67 Fed. 895; Dunham v. Hartman, 153 Mo. 628; Whaley v. Hinchman, 22 Mo. App. 485; Scarritt v. M. E. Church, 7 Mo. App. 174.

*Meservey, Pierce & German,* for respondents.

(1) The transaction as to all three of the cars of cabbage constituted but one contract. Richardson v. Squires, 37 Vt. 640; Brock v. Knower, 37 Hun 609; Norrington v. Wright, 115 U. S. 188; Smith v. Lewis, 40 Ind. 98; Fruit Co. v. McKinney, 65 Mo. App. 220; Weeks v. Crie, 48 Atl. (Maine) 107; Rucker v. Harrington, 52 Mo. App. 487; Gault v. Brown, 48 N. H. 183; Kaufman Bros. v. Mfg. Co., 78 Iowa 679; Brown v. Hall, 5 Lans. (N. Y.) 177; Curtis v. Gibney, 59 Md. 131. (2) The writings are sufficient to satisfy the statute of frauds. Black & Snyder v. Crowther & Andriano, 74 Mo. App. 480; Kelly v. Thuey, 143 Mo. 422; Christensen v. Wooley, 41 Mo. App. 53.

SMITH, P. J.—The plaintiffs and the defendant were each dealers in cabbage, the place of business of the former being Kansas City and that of the latter,

Chicago.   As appears from the record, the plaintiffs' claim is that they entered into a contract with the defendant by which they sold him two carloads of medium-sized hard green Texas cabbage at three dollars and fifty cents per crate, payable on delivery.   This contract was put in issue by defendant's answer.   At the trial, the plaintiffs to maintain the affirmative introduced in evidence a series of telegrams and letters which had passed between them and the defendant, and which they deemed pertinent.   In the trial court the defendant requested an instruction—in effect a demurrer—by which he raised the objection that their written correspondence was not sufficient to satisfy the requirements of the statute of frauds; but that court denied his request and later on gave judgment for plaintiffs. It is conceded that the only question the defendant's appeal has brought before us for decision is as to the propriety of the ruling of the trial court touching the defendant's demurrer.

Our statute (section 3419) is:  "No contract for the sale of goods  .  .  .   shall be allowed to be good unless  .  .  .   some note or memorandum in writing be made of the bargain and signed by the parties to be charged with such contract."  It is almost a literal transcript of the seventeenth section of the English Statute of Frauds (29 Car. 11 C. I.)   Benjamin on Sales, 9. It is an old practice to put in evidence several papers, as letters, etc., relating to the same contract and by their references to or connections with each other, to establish all the requisites of a proper memorandum under the statute.   Brown Stat. Frauds, 346b, et seq.; Hideman v. Wolfstein, 12 Mo. App. 366; Greeley-Burnham Grocer Co. v. Capen, 23 Mo. App. 301; Cunningham v. Williams, 43 Mo. App. 629; Armsby Co. v. Eckerly, 42 Mo. App. 299; Moore v. Mountcastle, 61 Mo. 424.

In Swallow v. Strong, 85 N. W. (Minn.) 942, it was said that "the memorandum of a contract for the sale of land, to satisfy the statute of frauds, may con-

sist wholly of letters, if they are connected by reference, express or implied, so as to show on their face that they all relate to the same subject-matter. This relation can not be shown by parol, but it must appear from the nature of the contents of the letters, or by express reference therein to each other. Such memorandum, whether it consists of a single writing or several, must express the substantial terms of the contract and its subject-matter with reasonable certainty. It is not, however, essential that the land be described with precision if the writing on its face is an adequate guide to find it.'' And in Thayer v. Lun, 22 Ohio St. 62, it was in substance said that several writings may be construed together for the purpose of ascertaining the terms of a contract required by the statute of frauds to be in writing; and if some only of the writings be signed, reference must specifically be made therein to those which are not so signed. But if each of the writings be so signed, such reference to the other need not be made, if, by inspection and comparison it appears that they severally relate to, and form a part of, the same transaction. And similar statements of the rule are to be found in other cases. Beckwith v. Talbot, 95 U. S. 289; Peabody v. Speyers, 56 N. Y. 230; Work v. Cornhick, 58 Ill. 317.

A sale is defined in the elementary books to be a contract or agreement for the transfer of the absolute property in personalty from one person to another for a money price. Tiedeman on Sales, sec. 1; 2 Kent's Com., 468; Benjamin on Sales, sec. 1; Story on Sales, sec. 1. According to the Roman law, a sale was not the immediate transmutation of the property, but a contract of mutual and personal engagements for the transfer of the thing on the one hand and the payment of the price on the other without regard to the time of the performance on either part. Cunningham v. Ashbrook, 20 Mo. 554. At the common law, consent alone was sufficient to constitute a valid sale. The W. W. Ken-

dall Boot & Shoe Co. v. Bain, 46 Mo. App. l. c. 594-5, and cases there cited.

In making a contract involving the statute of frauds there are three essential and inevitably necessary ingredients: (1) the parties; (2) the subject-matter; and (3) the price. Where any one of these essentials is wanting, there is no contract. Kelly v. Thuey, 143 Mo. 422; Martin v. Mill Co., 49 Mo. App. 29. The dominating question here is, whether or not, if we take the several writings and construe them together as an entirety, they disclose a contract of sale sufficient to satisfy the requirements of the statute of frauds?

A reference to them will show that on the 23d of April, the defendant telegraphed plaintiffs he wanted "a carload or two of California cabbage, quick, wire what they could do;" and to which plaintiffs on the same day answered that they had "one car of Texas cabbage" which would be due on the next day and which "they could sell at $3.60 per crate." To plaintiffs' said answer, defendant on the 25th replied, "if car is medium sized, hard green, well iced, ship." On the next day, the 26th, the defendant telegraphed plaintiffs: "Can you offer Calif. rolling, wire number, routing Texas car." Plaintiffs on the same day answered: "Have no Calif. unsold for quick delivery, but can give you another Texas due here Sunday." On the 27th, plaintiffs telegraphed defendant: "Can divert another car Texas cabbage same quality and price." To this, the defendant answered: "Car just arrived. May ship another well iced if at $3.50." On the next day, the 28th, the plaintiffs telegraphed defendant: "Will divert car Monday morning $3.50 delivered. If not satisfactory wire quick." On the next day, the 29th, the defendant telegraphed plaintiffs: "Do not spare ice on to-day's shipment." And afterwards, on the same day, the defendant telegraphed plaintiffs: "Will take another car nice medium cabbage, same price. Answer." To this the plaintiffs telegraphed defend-

ant: "Do we understand you want another car divert Fruit Grower's 18927 just in?" In reply to which, defendant telegraphed back to plaintiffs: "You understand correct. Let 18927 also come, well iced." Later on the same day plaintiffs wired defendant that: "Fruit Grower's 17546 containing 208 crates quality condition fine, passed here to-day Burlington." And on the same day defendant wrote plaintiffs, saying: "After exchange of telegrams to-day we take it that we have two cars of Texas cabbage en route: FGE 17546 and FGE 18927. Weather is extremely warm to-day, and, as we wired you, trust you will see that cars are not spared any ice, as there is too much money invested in this cabbage." On the same day the plaintiffs wrote defendant that they inclosed him invoices for the two cars of cabbage, etc. On May 1st, the defendant wrote plaintiffs acknowledging the receipt of the invoices and that we "wired you second, third arrived this morning . . . stock too small. Some soft. Sorry must reject; worth probably $2.50 per crate." And also further wrote: "We are very sorry that we ordered the last two cars as rejecting anything is not in our line, but as the shipment was not what we ordered . . . we concluded we had better wire you as we did." On August 7th plaintiffs wrote defendant saying, amongst other things, "we sold you altogether three carloads of Texas cabbage last spring and delivered them to you." To this letter the defendant responded: "The cabbage market was certainly as good at the time your second and third cars were sold as when we received your first. We have yet to decline to accept a car of goods that we bought because there was a loss staring us in the face merely on account of the decline in the market value."

The foregoing telegrams and letters are connected by reference, express or implied, so as to show they all relate to the same subject-matter and no good reason is seen why they should not constitute a sufficient memorandum of a contract of sale to satisfy the statute.

They clearly disclose the names of the contracting parties, the subject-matter, and the price, so that none of the essential terms required to constitute a sale are absent. This correspondence unaided by parol evidence plainly shows that the plaintiffs sold and the defendant purchased three carloads of cabbage at three dollars and fifty cents per crate to be delivered at Chicago. But this is not all. In the last two letters of the defendant, as has been seen, are references and statements to the effect that plaintiffs had not only sold and he had purchased the three carloads of cabbage, but that the same had been delivered to him in Chicago. The only complaint he made was that as to the quality. This issue was found against him and is conceded to be conclusive if the correspondence establishes a contract which is sufficient to satisfy the statute. Taking the admissions of these letters in connection with the preceding telegrams and when considered in their entirety it will be found that they disclose every element required to constitute a contract of sale good under the statute. Nothing is wanting. And it is no objection to say that these letters were not written until after the contract was made, or until after its breach, if they contain, as we think they do, the required statement of the contract. Moore v. Mountcastle, 61 Mo. 424; Cash v. Clark, 61 Mo. App. l. c. 640-1; Cunningham v. Williams, 43 Mo. App. 629. The object of the section was simply to dispense with parol testimony in certain cases and to require evidence in writing, over the signature of the party to be charged, of the obligation to be enforced; and in the present case we can not doubt that the correspondence fully meets that requirement.

Accordingly the judgment will be affirmed. All concur.