DE WITT SMITH, Plaintiff, *v.* DAVID MUSS, Defendant.

Supreme Court, Special Term, New York County, October 21, 1952.

*Louis Kramer* for defendant.

*E. John Ernst, Jr.,* for plaintiff.

EDER, J. Motion for judgment on the pleadings dismissing the amended complaint upon the ground that it fails to state a cause of action in that plaintiff sues upon a contract unenforcible under the Statute of Frauds.

The action is to recover damages for breach of a contract whereby defendant agreed to sell to plaintiff and he agreed to purchase certain lumber and timber for a sum in excess of $50; the answer alleges that nothing was given in earnest, no delivery of any of the goods sold was ever made; that neither the agreement nor any note nor memorandum was made in writing and signed or subscribed by defendant or his lawful agent acting on his behalf.

The amended complaint annexes an unsigned typewritten agreement, designated Exhibit A, and alleges it contains the terms of the agreement. The amended complaint then goes on to allege that the defendant " signed a memorandum in writing " by which he acknowledged the making of said contract and its terms. It also further avers that the defendant, by his duly authorized agent, signed a memorandum in writing of said contract of sale.

In answer to defendant's demand for a bill of particulars to set forth a copy of the memorandum alleged to have been signed by defendant acknowledging the making of said contract and its terms, the plaintiff in his bill of particulars stated this is found in a deposition made by the defendant in another action brought against the defendant by another party in the City Court, New York County. This deposition consisted of the testimony given by the defendant when examined as a witness before trial, examined on behalf of the plaintiff in said City Court action, in question and answer form; the defendant's appearance there and his giving of testimony was pursuant to an order made by that court.

In his deposition the defendant testified to the unsigned contract or writing; Exhibit " A ", he said, was a draft thereof and stated that it contained the terms discussed.

This deposition of the defendant was signed and sworn to by him at the conclusion of his said examination before trial in said City Court action.

The plaintiff contends that this deposition, when signed by the defendant, acknowledging the terms of the oral contract as contained in the draft, and signed by defendant as the party to be charged, constitutes and is a sufficient memorandum under the Statute of Frauds. In other words, that the law is not concerned how or in what manner or through what medium the " memorandum " is obtained; it is enough and suffices that the party to be charged has evidenced the oral contract by a " memorandum " signed by him, be the " memorandum " a " deposition " or any other form of writing.

There appears to be no case in this State bearing directly on the question. In other jurisdictions there appear to be two schools of thought, one that such a deposition when signed by the party to be charged constitutes a memorandum and is sufficient compliance with the Statute of Frauds; the other is to the effect that if the deposition of the party to be charged is a *voluntary* deposition, it constitutes a sufficient memorandum.

The precise question was before the Missouri Court of Appeals in *Cash* v. *Clark* (61 Mo. App. 636). In an opinion by ELLISON, J., particularly instructive and clear, the court held, unanimously, that the statement of the contract in the deposition in that case was not voluntary as the defendant in appearing and testifying and in " signing " the deposition did so *under compulsion* of legal process (as here the defendant was compelled by formal order of the court) and hence ought not to be received as taking the case out of the statute.

Of course, if the party did not *sign* his deposition, his testimony as to the oral agreement would not be binding or admissible; it is the fact of his signing the deposition that produces and results in a memorandum signed by the party to be charged and takes the case out of the Statute of Frauds; without the signature the deposition would be merely *oral* statements, inadequate to have any legal or evidentiary value.

When a party signs under coercion or duress, it is the general rule that it is not binding, the theory being that the act is one of compulsion, not voluntary, and in the eye of the law is viewed as never having taken place. Reality is substituted and the actual signing regarded as a fiction, in the furtherance of justice. If the compulsory signing of the deposition is to be regarded as thereby constituting a memorandum or writing signed by the party to be charged, this device, so employed, if recognized, would render the defense of the Statute of Frauds impotent.

In the instant case defendant had no alternative but to sign his deposition; refusal to do so would result in punishment for

contempt and in striking out his answer. Compulsion in his signing was complete and inescapable. But for such compulsory signing by defendant, plaintiff would have no enforcible contract and no cause of action upon which he could recover. Hence the understandable distinction which the court draws in *Cash* v. *Clark* (*supra*) between a *voluntary* and *involuntary* deposition and signing thereof.

In the *Cash* case the trial court denied plaintiff a recovery under circumstances comparable to those in the case at bar (p. 639). In holding the deposition to be insufficient as a memorandum because it was not voluntary on the part of the defendant but obtained by compulsion, the court said (p. 641): " Plaintiff's contention is that, consistently with the foregoing, the deposition of the party to be charged is a sufficient memorandum. With the qualification that it be a *voluntary* deposition, we concede the proposition." (Emphasis added.) (On p. 642): " These reflections make it clear enough to our mind that a deposition, *voluntarily* given by a party to a contract (even though taken, as this was, in a case on the contract), may be ⁓used by the opposite party to defeat a plea of the statute. Under what conditions a deposition taken in some foreign or collateral case, in which the contract was stated, would be considered as a voluntary statement of the contract, need not be considered at this time. (Emphasis supplied.)

" By the case which plaintiff presents to us, we understand it to be conceded that the defendant was subpœnaed, and was, of course, by that means, required to give his deposition. In this deposition, plaintiff had him state the terms of the contract, in answer to questions propounded by plaintiff. *This, we think, was not a voluntary statement of the contract in writing and ought not to be received as taking the case out of the statute.*" (Italics mine.)

This court is in accord with the views expressed and the ultimate conclusion reached in *Cash* v. *Clark* (*supra*) denying plaintiff a recovery on the theory that the contract sued on was unenforcible under the Statute of Frauds.

Adverting now to the claim and contention of plaintiff that aside from the above the defendant, by his duly authorized agent, signed a memorandum in writing of said contract of sale.

In answer to defendant's demand for a bill of particulars for a complete copy of the' memorandum purportedly signed by defendant's duly authorized agent, plaintiff's bill of particulars states the agent was one Hanly, Jr.; that the memorandum was made on June 25, 1948, and is annexed to the bill of particulars

as Exhibit 2. It is written on the stationery, seemingly, of a concern known as "Associated Sales & Supply Corp." and signed in that name by said Hanly, Jr., as "manager, Forest Products Division" and is seemingly accompanied by a sales slip referring to the sale of the lumber and timber to plaintiff. Nowhere is there any indication that this person is acting for defendant as his duly authorized agent or in any agency capacity.

Moreover, assuming this person was acting as defendant's agent in signing this sales slip and in sending said letter, these writings would not constitute a sufficient memorandum as it is obvious that they do not contain *all* the terms of the alleged agreement, Exhibit A, annexed to the amended complaint. It is not enough that it express the terms of *a* contract. "It is essential that it shall completely evidence the contract which the parties made." (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310, 314.)

A comparison of the Hanly letter and sales slip shows that it fails to mention important matters discussed and noted in the unsigned agreement, Exhibit A, for example, delivery of the goods and the credit terms.

Hence these writings, assuming they were made by Hanly as defendant's alleged agent, are insufficient to take the agreement out of the Statute of Frauds.

Thus, in final analysis, it appearing that the deposition and "sold" slip are unavailing, the complaint is legally insufficient and must be dismissed. In the situation disclosed, since there cannot be any possible recovery by plaintiff, no leave is given to serve a further amended complaint.

Settle order.