MORRIS COHON & COMPANY, Respondent, *v.* SIDNEY A. RUSSELL, Appellant.

First Department, February 15, 1968.

*Gerald Harris* of counsel (*Martin A. Coleman* with him on the brief; *Rubin, Wachtel, Baum & Levin,* attorneys), for appellant.

*A. Bernard King* for respondent.

EAGER, J. This action is brought to recover in *quantum meruit* for the alleged services rendered by plaintiff as a broker or finder in procuring a purchaser for defendant's stockholdings in a certain close corporation. The plaintiff alleges it is a dealer in securities and does not claim to be a duly licensed real estate broker. The defendant has interposed the Statute of Frauds as

a defense and appeals from an order which denied his motion for summary judgment.

The applicable statute is section 5-701 of the General Obligations Law, which now reads as follows:

" Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
\* \* \*

" 10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. ' *Negotiating* ' *includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction.* This provision *shall apply to a contract implied in fact or in law to pay reasonable compensation but* shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman." The statute was amended, effective September 27, 1964, to add the matter in italics.

It appears from plaintiff's affidavits that it relies upon a hiring subsequent to the middle of September, 1964, and the plaintiff seems to concede that the statute, amended as aforesaid, is applicable. In any event, the statute as it read prior to such amendment would be given the effect of precluding a recovery by plaintiff in *quantum meruit* if there is no writing evidencing the alleged agreement. (See *Minichiello* v. *Royal Business Funds,* 18 N Y 2d 521.)

Special Term noted that the defendant possessed but a 50% stockholding interest in the particular corporation and stated that if plaintiff was engaged merely to sell a 50% interest, the statute might not apply. But, according to the plaintiff's bill of particulars and its affidavit, it was hired to find a purchaser for and negotiate a sale of the entire stock of the corporation. The 50% of such stock not owned by defendant was held by one Magdoff and his wife. Such services as the plaintiff may have rendered resulted in a contract by the defendant and Magdoff and his wife for the sale of all the stock in the corporation. Clearly, therefore, the statute applies (and the plaintiff does not contend otherwise on this appeal). This is in accordance with *Minichiello* v. *Royal Business Funds*

(*supra,* pp. 527–528) where the court held: "The phrase 'including a majority of the voting stock interest' in no way limits the application of the preceding language [of the statute]. To apply the provision only when a single seller owns a majority stock interest would be contrary to the intent of the Legislature and the plain meaning of the statute."

The critical question, decisive of this appeal, is whether or not the alleged hiring of the plaintiff as a broker or finder is properly and sufficiently evidenced by "some note or memorandum thereof * * * in writing * * * subscribed by the [defendant], or by his lawful agent ". (General Obligations Law, § 5-701.)

We agree with plaintiff's contention that the requirements of the statute would be satisfied by writings which established the fact of plaintiff's employment by defendant to render the alleged services, provided, of course, that the writings were subscribed either by the defendant or his lawful agent. The obligation of the defendant to pay reasonable compensation for the specified services would then be implied without the necessity of resort to parol evidence. But we conclude that the writings relied upon by plaintiff are not in compliance with the statutory requirement.

The plaintiff alleges in its amended complaint and principally relies upon certain provisions in the written contract, dated August 31, 1965, between the sellers of the corporate stock and the buyer thereof. Such contract, subscribed by the defendant as one of the sellers, contains a paragraph as follows: " The Sellers and Buyer (and not the Company) shall pay their own respective legal, accounting and other expenses in connection with this agreement and the transactions contemplated thereby. The Sellers represent and warrant that they have dealt with no other person or persons other than Morris Cohon & Co. as broker or finder in connection with the transactions in this agreement, and that all negotiations relative to this agreement have been carried on by them without the intervention of any other broker or finder, and the Sellers agree to indemnify Buyer and the Company and hold them harmless against and in respect of any claim for brokerage or finder's commission relative to this agreement whether by said Morris Cohon & Co. or otherwise ".

Certainly, these provisions were not intended as and do not purport to be a note or memorandum of an existing agreement for the retention by the sellers of the plaintiff as a broker or finder in the transaction. The provisions fail to meet the requirement that the note or memorandum shall completely

evidence the agreement, promise or undertaking alleged to obligate the defendant. (See 56 N. Y. Jur., Statute of Frauds, § 165; *Poel v. Brunswick-Balke-Collender Co.*, 216 N. Y. 310, 314; *Friedman & Co. v. Newman*, 225 N. Y. 340.)

The purpose underlying a statute requiring a note or memorandum of particular transactions is to protect such transactions from the risks of fraud and perjury by immunizing them from parol evidence. (See *Matter of Levin*, 276 App. Div. 739, 742, republished 277 App. Div. 758, affd. 302 N. Y. 535; *Dorian Holding & Trading Corp. v. Brunswick Term. & Ry. Securities Co.*, 230 App. Div. 514, affd. 256 N. Y. 674.) The intent is to take all of the enumerated transactions entirely out of the reach of verbal testimony. Consequently, '' [u]pon familiar practice a memo of a contract required by statute to be in writing must be by and of itself a complete expression of the intention of the parties without reference to parol evidence ''. (*Matter of Levin*, 302 N. Y. 535, 541, *supra.*)

Otherwise expressed, the note or memorandum must be such that, standing alone, it completely represents an acknowledgment or admission of the party of the existence of an agreement, promise or undertaking which obligates him to pay or perform as alleged. Thus, the test as to the sufficiency of the writing would ordinarily be: Is the writing receivable in evidence as against the party to be charged and, if so, is it sufficient prima facie to charge him with the obligation sought to be enforced? More specifically, as applicable to this case, the question is: Do the particular provisions in the contract of sale signed by the defendant include by reasonable construction and necessary implication a promise to pay compensation for the services alleged to have been rendered? If not, then the writing may not be held sufficient. (See *Stulsaft v. Mercer Tube & Mfg. Co.*, 288 N. Y. 255, 258.)

Here, clearly, the relied upon paragraph in the contract of sale does not meet the test. The provisions purport to be a representation or warranty by the sellers, including the defendant, running to and for the protection of the purchaser of the stock. The words merely negate the existence of an obligation to any broker or finder other than the plaintiff; they do not in any sense constitute an admission that an obligation to plaintiff actually existed. Although receivable as evidence against the defendant, the contract provisions, standing alone, do not establish any obligation on his part to the plaintiff. The provisions may not be supplemented by parol evidence for the purpose of establishing a binding agreement and, therefore,

they fail to furnish the necessary support for plaintiff's cause of action.

Finally, the plaintiff contends that a letter and affidavit, both subscribed by Magdoff, sufficiently evidence the fact of plaintiff's employment and may be accepted as a proper memorandum signed by Magdoff as defendant's lawful agent. These writings do show that Magdoff, who with his wife owned 50% of the corporate stock, had retained the plaintiff as a broker in the transaction. The letter, dated December 27, 1966, is addressed to plaintiff and purports to confirm the fact that he was authorized by defendant to hire the plaintiff. Magdoff's affidavit, verified March 16, 1967, which was submitted by plaintiff in opposition to the present motion for summary judgment, tends to establish that the plaintiff was retained as broker with the consent of the defendant. It is true that if Magdoff may be considered as defendant's lawful agent within the meaning of the statutory provisions, these after-the-event writings may be utilized to show compliance with the statutory requirements. (See 56 N. Y. Jur., Statute of Frauds, § 177.)

The statutory provision is that the note or memorandum evidencing the agreement must be " subscribed by the party to be charged * * * or by his lawful agent ". The agency required is one to sign the note or memorandum on behalf of the party to be charged. It must appear that the alleged agent signed the writing in his capacity as such and that he was acting within the scope of his authority; otherwise, the writing is not receivable to establish the alleged agreement of the party. (See 56 N. Y. Jur., Statute of Frauds, § 229; 37 C. J. S., Frauds, Statute of, § 210; 49 Am. Jur., Statute of Frauds, § 399. See, also, *Coleman* v. *Garrigues,* 18 Barb. 60; *Smith* v. *Muss,* 203 Misc. 356, 359, 360, app. dsmd. 281 App. Div. 957; *Matter of Perera,* 3 Misc 2d 1043, affd. 5 A D 2d 972; *Klores* v. *Empire Tit. & Guar Co.,* 64 N. Y. S. 2d 477.)

The plaintiff presents nothing in support of its contention that Magdoff was acting as agent of the defendant when he signed the letter or affidavit. These writings do not purport to have been signed on behalf of defendant or in his interest. Rather, the letter was written and the affidavit made for the purpose of imposing upon defendant an obligation which he was seeking to avoid. Under the circumstances, we conclude that as a matter of law Magdoff may not be considered as defendant's " lawful agent " in his subscription of the letter or affidavit. (See, further, *Wilson* v. *Lewiston Mill Co.,* 150 N. Y. 314, 325; *Reed* v. *Latham,* 40 Conn. 452.)

The Statute of Frauds constitutes a valid defense to this action. Therefore, the order of Special Term, entered May 29, 1967, should be reversed, upon the law, with costs and disbursements to the defendant, and defendant's motion for summary judgment dismissing the amended complaint should be granted.

BOTEIN, P. J., STEUER, CAPOZZOLI and MCNALLY, JJ., concur.

Order entered on May 29, 1967, unanimously reversed, upon the law, with $50 costs and disbursements to the defendant, and defendant's motion for summary judgment dismissing the amended complaint granted, with $10 costs.