A. HEIDEMAN ET AL., Defendants in Error, *v.* SIMON WOLFSTEIN, Plaintiff in Error.

### June 13, 1882.

1. A memorandum of a sale of personalty which is insufficient to satisfy the statute of frauds, may be supplemented and made sufficient by reference to letters written by the parties with relation to the transaction.

2. Well known mercantile abbreviations which have a fixed meaning well known to dealers and understood by the parties using them, may be explained by oral testimony, and may be effectual as a memorial of what was orally agreed.

3. Except in cases of auction sales, the memorandum of the sale need not be made contemporaneous with the sale in order to bind the parties to the transaction.

ERROR to the St. Louis Circuit Court, HORNER, J.
*Affirmed.*

DAVID GOLDSMITH, for the plaintiff in error: The original pencil memorandum was not a sufficient memorandum to satisfy the statute of frauds, because it does not show that the contract between the parties was a contract of sale. — *Lee* v. *Hill*, 66 Ind. 474. Because it does not contain the names of both parties to the contract, and does not show (conceding the nature of the transaction) whether Wolfstein was buyer or seller.— *Grafton* v. *Cummings*, 99 U. S. 100; Brown on Stat. Fr. (4th. ed.), sect. 372. Because it does not sufficiently identify the subject-matter of the sale, or the price. — *Bailey* v. *Ogden*, 3 Johns. *399. These deficiencies cannot be supplied by parol evidence, nor by the letters offered — 2. Kent's Comm. 511; *Schroeder* v. *Taaffe*, 10 Mo. App. 174; *Scarritt* v. *Church*, 7 Mo. App. 174.

T. A. RUSSELL, for the defendants in error: A memorandum of a contract which does not purport to be a complete expression of the entire contract may be supplemented by parol proof. — *O'Neil* v. *Grain*, 67 Mo. 251. It is sufficient if the contract can be made out from any writings of the parties.

*Moore* v. *Montcastle,* 61 Mo. 424. And it is not necessary that such writings should, on their face, demonstrate their reference to the agreement without the aid of parol proof. — *Beckville* v. *Talbot,* 95 U. S. 289; *Thayer* v. *Luce,* 22 Ohio, 62.

LEWIS, P. J., delivered the opinion of the court.

The plaintiffs sued before a justice of the peace for breach of the defendant's contract to sell and deliver to them thirteen rolls of leather at prices agreed upon. The justice's judgment was for the plaintiffs, and, on the defendant's appeal, a similar result was reached in the circuit court. The only question in the case is, whether there was a sufficient note or memorandum in writing of the sale, to satisfy the statute of frauds.

The testimony tended to show that, in June, 1879, a salesman of the defendant called on the plaintiffs in the course of his business, and, when a sale was agreed upon, wrote in pencil and handed to the plaintiffs a memorandum as follows.: —

| | | |
|---|---|---|
| 5 Rolls No. 1 Harness leather . . 125–30 | 29 |
| 5 Rolls No. 2 Harness . . . 120–25 | 26 |
| 3 Rolls No. 1 Skirting . . . 128–30 | 33 |
| 60 days, by Sept. | |

S. WOLFSTEIN,<br>Per I. EWALD.

There was also put in evidence for the plaintiffs the following correspondence : —

[From plaintiffs to defendant.]

"ST. LOUIS, September 2, 1879.

" *Simon Wolfstein, Cincinnati, Ohio.*

" DEAR SIR: Please send me the thirteen rolls leather ordered, at once (if not shipped), as we need and must have it.

" Yours, respectfully,

"A. & H. HEIDEMAN."

[From defendant to plaintiffs.]

"CINCINNATI, September, 4, 1879.

"*Messrs. A. & H. Heideman, St. Louis, Mo.*

"GENTS : Yours of the 2d inst. to hand. Reason I did not ship the leather is, that I obtained information regarding your standing, which exactly *did not suit me, and therefore declined the order.*

"Yours, truly,

"SIMON WOLFSTEIN."

It is objected by the defendant that the memorandum given by the salesman is insufficient under the statute, because, (1) it does not show any contract of sale ; (2) it does not contain the names of both parties, and does not show whether Wolfstein was buyer or seller ; (3) it does not sufficiently identify the subjects of the sale, or the prices.

It may be conceded that, if we look at nothing but the memorandum, we will fail to find a sufficient compliance with the statute of frauds to hold the defendant to any contract with the plaintiffs. But it is an old practice to put in evidence several papers, as letters, etc., relating to the same contract, and by their references to, or connections with, each other, to establish all the requisites of a proper memorandum under the statute. Brown on Stat. Fr. 346 b *et seq.* In *Allen* v. *Bennett* (3 Taunt. 169), the defendant had, by his agent, signed a memorandum for the sale of tobacco. In an action for non-delivery, it was objected that the plaintiff's name, as buyer, did not appear in the memorandum. A letter was then produced, written by the defendant to his agent, mentioning the sale, and naming the plaintiff as the person who had bought. This was held competent to supply the deficiency, and to show the name of the buyer. See also *Johnson* v. *Dodgson*, 2 Mee. & W. 653. We think that the plaintiff's letter to the defendant, in this case, connects itself directly with the sale noted by the original memorandum, in its

reference to the "thirteen rolls leather ordered." The defendant's letter, signed by himself, is responsive to this, and so connects itself with the original transaction. The correspondence thus supplies all that is needed to show who were the contracting parties, and which was the buyer or the seller. This effect is in no way modified by the defendant's saying that he "declined the order." If the order had already culminated in a sale, through the act of his agent, it was beyond his power to make it anything less. A letter may even repudiate any and all liability in the writer, and yet, by its reference to an oral contract, take it out of the statute. *Bailey* v. *Sweeting*, 9 C. B. (N. s.) 843; *Wilkinson* v. *Evans*, L. R. 1 C. P. 407.

It remains only to inquire whether the memorandum given by the agent is sufficiently intelligible to convey so much of the contract as is not furnished by the correspondence. This paper must be treated as an illustration of what Parke, B., in *Marshall* v. *Lynn* (6 Mee. & W. 118), describes as " a sort of mercantile short-hand, made up of few and short expressions." If these expressions have a fixed meaning which would be generally apparent to dealers, and which was plainly understood by the parties to the memorandum, it will be not less effectual in law, as a memorial of what was orally agreed upon, than if each sentence were rounded out and completed with grammatical particularity. Parol explanations of such memoranda have always been admitted as violating no rule against contradicting or varying the terms of a written contract. 1 Greenl. on Ev., sect. 288 a; *Pharaoh* v. *Lush*, 2 Fost. & Fin. 721. One of the plaintiffs, as a witness in this case, gave a satisfactory explanation of the abbreviated expressions in the memorandum. The first line, for example, was shown to mean, five rolls of No. 1 harness leather, each roll weighing from one hundred and twenty-five to one hundred and thirty pounds, at twenty-nine cents per pound. The last line implies a credit of sixty days, and that the goods must be

delivered by September 1st. We find many cases in the books, where memoranda, not less abbreviated or symbolical, have been sustained as sufficient under the statute, and enforced by the courts. *Salmon Co.* v. *Goddard*, 14 How. (U. S.) 446; *Spicer* v. *Cooper*, 1 Q. B. 424; *Jeffry* v. *Walton*, 1 Stark. 113; *Johnson* v. *Dodgson*, 2 Mee. & W. 653.

Except in cases of auction sales, it is not held necessary that the memorandum which is to bind the party charged, shall be contemporaneous with the sale. It will suffice if the paper be properly made and signed at any time before suit brought. *Williams* v. *Bacon*, 2 Gray, 387; *Sievewright* v. *Archibald*, 17 Q. B. 107, 114; *Hewes* v. *Taylor*, 70 Pa. St. 387. As a further distinct ground of sufficiency in the memorandum before us, when taken in connection with the other testimony, it may be added that an offer or proposal, signed by the party making it, is held a sufficient memorandum to support an action against him for a breach of the contract afterwards made by the oral acceptance of the offer by him to whom it was made; the fact of such acceptance being provable by oral evidence. *Reuss* v. *Picksley*, L. R. 1 Exch. 342; *Sanborn* v. *Flagler*, 9 Allen, 474; *Furnace Co.* v. *Railroad Co.*, 22 Ohio St. 451.

We are of opinion that upon the whole evidence in this case, the contract sued on was fully established, as required by the statute of frauds. All the judges concurring, the judgment is affirmed.