B. F. DILLIN, Appellant, v. J. H. H. KINCAID, Respondent.

Kansas City Court of Appeals, May 3, 1897.

1. **Fraudulent Conveyances:** EVIDENCE: JURY QUESTION. The evidence in this case is reviewed and *held* sufficient to send the case to the jury on the question of fraud.

2. **Sales:** DELIVERY: REASONABLE TIME. Sale and delivery need not be contemporaneous, and a sale in good faith unaccompanied with delivery is valid until after the expiration of reasonable time for such delivery.

3. **Fraudulent Conveyances:** HINDERING CREDITOR: FICTITIOUS DEBT. A chattel mortgage given to hinder a creditor in acquiring title to a cow by taking possession under the instrument of sale or collusively given to secure a fictitious debt, can not be invoked to defeat a purchaser of a cow.

*Appeal from the Polk Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED.

*Rechow & Pufahl* and *S. R. Johnson* for appellant.

(1) The debt due G. B. Kincaid & Company had been fully paid off by Mrs. Sims before plaintiff commenced his suit before the justice. (2) G. B. Kincaid

& Company or G. B. Kincaid were not creditors of Mrs. Sims, neither were they subsequent purchasers in good faith, and therefore the failure of the plaintiff to take immediate possession of the cow could not affect them. 2 R. S. 1889, sec. 5178. (3) Slight circumstances, no matter how trivial, are often sufficient to establish fraud. *Spengler v. Kaufman*, 46 Mo. App. 644; *Van Raalte v. Harrington*, 101 Mo. 602. (4) The question of the good faith of G. B. Kincaid & Company in taking the chattel mortgage should have been submitted to the jury. Authorities under point 3.

*Upton & Skinker* for respondent.

(1) A sale of personal property is absolutely void as to the creditors of the vendor, unless the vendee takes open, notorious, and exclusive possession of the property purchased. In this case plaintiff admits that he did not take possession of the cow in controversy until early in October, and that Kincaid's mortgage was recorded on September 19. Hence he can not recover. *Claflin v. Rosenberg*, 42 Mo. 439, and other authorities *ad infinitum*. (2) According to plaintiff's own testimony the debt for which he was to take the cow still remained. He agreed with Mrs. Sims to extend the time of the payment of the debt from February to May, and from May to August. Such a transaction constituted a mortgage and not a sale. *Sloney v. McMurray*, 27 Mo. 113; *Turner v. Kerr*, 44 Mo. 429. If there is any doubt as to whether the transaction was a sale or a mortgage it will be construed to be a mortgage. *White v. Land Co.*, 49 Mo. App. 450. (3) Fraud is never presumed, but there must be tangible and substantial facts in evidence tending to prove fraud to authorize the court to submit such an issue to the jury. *Thrasher v. Greene County*, 105 Mo. 244; *Ridge*

*v. Greenwell*, 53 Mo. App. 479. As there was no evidence whatever tending to show that Kincaid took the mortgage for a fraudulent purpose, there was no error in refusing to submit such an issue to the jury.

SMITH, P. J.—This is an action of replevin to recover the possession of a cow. The defendant had judgment in the circuit court and the plaintiff appealed.

The plaintiff complains of the action of the trial court in refusing the instructions asked by him submitting the issue of fraud to the jury. The STATEMENT. defendant's answer to this is that there was no evidence adduced to justify such submission. The question thus presented for decision must be resolved, in the light of the facts, which the evidence conduces to prove. Plaintiff and G. B. Kincaid were rival grocerymen doing business in the same town. The defendant was the mere bailee of the said G. B. Kincaid.

In the month of February, 1894, a Mrs. Sims, being indebted to plaintiff in the sum of $48.50 for groceries which she had previously purchased of him, he demanded payment of his account, which she was unable to make in full. He thereupon proposed to her that if she would pay him $25 in cash that he would take the cow (that in controversy), in full discharge of her entire account. To this she consented. The cow was giving milk and at the request of Mrs. Sims was left in her possession. Afterward on the fifteenth of August the plaintiff gave Kincaid notice of the fact that he owned the cow in controversy. On the same day the plaintiff sold out his store to another. And also on the same day Mrs. Sims executed to G. B. Kincaid & Company a note for $20 to secure which she gave a mortgage on the cow. Why this mortgage was given does not clearly and satisfactorily appear. Mrs.

Sims was not then indebted to G. B. Kincaid & Company, in any amount whatever. G. B. Kincaid testified that the "note was taken when she got the book. The book was ten dollars. That debt August 17, 1894, is ten dollars; that is where it commences. * * * At the time the mortgage was given I had sent off and got some coupon books that were in change from five, ten, twenty-five and so on up to fifty cents. At the time of sale of goods the person would present their coupon book and I would tear out the amount of the sale. At the time the mortgage was given she got a ten dollar book and traded that out and continued to trade along after that until I went out of business. The account amounted to twenty-one or two dollars."

But it nowhere appears what the consideration of the note and mortgage was. If, as Kincaid testifies, Mrs. Sims got the coupon book August 17, 1894, this was after the note, for it bears date August 13, 1894. The account of Kincaid & Company, with Mrs. Sims, which was put in evidence, shows that the first debit item thereon was on August 13 and the next is August 30. The last item was on November 7, and on which day the total amount was $23.40. Ten days thereafter a payment of $11 was made leaving a balance due of $12.40. The mortgage was not recorded until September 19, 1894. According to the account there was then $13.75 due Kincaid & Company by Mrs. Sims. After the settlement of plaintiff's account with Mrs. Sims, as previously stated, she proposed to pay him the amount he had allowed her for the cow if he would let her keep the same, to which he assented. She failed to make good her proposal and it seems became angered because plaintiff signified his intention to take possession of the cow. On Octorber 2, 1894, the plaintiff took possession of the cow and placed her in a pasture from

which she was removed by G. B. Kincaid and placed in the possession of defendant as bailee. Now considering the relation of plaintiff to both Kincaid and Mrs. Sims, the unwillingness of Mrs. Sims that plaintiff should take possession of the cow, the fact that Mrs. Sims had commenced to trade with Kincaid & Company and the various other facts and circumstances surrounding the transaction of giving the note and mortgage, as disclosed by the evidence, and we are inclined to think the same sufficient to justify the inference on the part of the jury that such note and mortgage were not executed in good faith but for a fraudulent purpose.

*Fraudulent conveyances: evidence: jury question.*

Under the statute the title to personal property may pass if the sale is accompanied by delivery within a reasonable time. The sale and delivery need not be contemporaneous. Although a sale in good faith may not have been accompanied with delivery, it is valid until after the expiration of a reasonable time for such delivery. It becomes fraudulent and void as to creditors and subsequent *bona fide* purchasers only after the lapse of a reasonable time for delivery. *Kendall v. Bain*, 46 Mo. App. 581.

*Sales: delivery: reasonable time.*

If the mortgage was not executed to secure a *bona fide* debt of Mrs. Sims to Kincaid and Company, but for the purpose of aiding her in hindering the plaintiff from acquiring title to the cow by taking possession under the agreement of sale and purchase; or if Mrs. Sims was not indebted to Kincaid & Company, or if. the mortgage was executed collusively and in bad faith to secure a fictitious debt then it was fraudulent and can not be invoked to uphold the defendant's claim to the cow. We think the plaintiff was entitled

*Fraudulent conveyances: hindering a delaying creditor: fictitious debt.*

to a submission of the case to the jury on the issue of fraud and that the court erred in refusing the instructions requested by him for that purpose. Judgment reversed and cause remanded. All concur.