JOHN BASS, Respondent, v. ROBERT L. ABELES, Appellant.

Springfield Court of Appeals, April 4, 1910.

1. SALES: Personal Property: Delivery of Possession: Reasonable Time: Jury Question. The owner of ties that were cut and in the woods sold the same to A·in February and, in the month of May following while the ties were yet in the woods, also sold them to B and B took possession of them. *Held*, in a replevin suit brought by A for the ties that plaintiff's right to them depended upon whether or not a reasonable time had elapsed since his purchase for the delivery of the ties to him; that, under the circumstances of this case, the question of whether or not the time was reasonable for the change of possession was for the jury, under proper instructions.

2. ————: ————: ————: Statute of Frauds. At common law, consent alone without delivery was sufficient to constitute a valid sale, but now the Statute of Fraudulent Conveyances intervenes (Revised Statutes 1899, section 3410) and requires that the sale must be accompanied by delivery in a reasonable time. The sale and delivery may not be contemporaneous, but the sale becomes fraudulent and void as to subsequent bona fide purchasers after a reasonable time has elapsed for delivery.

Appeal from Crawford Circuit Court.—*Hon. L. B. Woodside,* Judge.

Affirmed.

*A. L. Reeves* for appellant.

This case falls clearly under section 3410, vol. 1, Revised Statutes 1899: "After every sale of personal property possession must be taken within a reasonable time and must be open, notorious and unequivocal such as to apprise the community or those who are accustomed to deal with the vendor that the goods have changed hands, and that the title has passed out of the seller and into the purchaser;" this may be determined by the vendor using the usual marks and indicia of ownership, and occupying that relation to the thing sold which owners of property usually sustain to their own property. State ex rel. v. Stone, 111 Mo. App. 364; Rice, Stix & Co. v. Sally, 176 Mo. 197; Aaron Claflin v. Rosenberg, 42 Mo. 439; State ex rel. Redman v. Durant, 53 Mo. App. 493; Stewart v. Nelson, 79 Mo. 524; Trimble & Co. v. Keet & Co., 65 Mo. App. 174; Evans v. Dyke Automobile Co., 121 Mo. App. 277. (2) While reasonable time for change of possession might be had, depending upon the character of the *res;* yet in some cases two days has been held an unreasonable time, which would be the fact in this case. State ex rel. Baumunk v. Goetz, 131 Mo. 675; Wright v. McCormick, 67 Mo. 426.

*Frank H. Farris* and *Harry Clymer* for respondent.

This case was properly submitted to the jury under instructions correctly declaring the law. The verdict is sustained by the evidence and the judgment is for the right party and should not be disturbed. Boot and Shoe Co. v. Bane, 46 Mo. App. 595; Dillon v. Kin-

caide, 70 Mo. App. 674; Glass v. Bloeser Bros., 91 Mo. App. 564; Peycke Bros. v. Ahrens, 98 Mo. App. 460; Reynolds v. Beck, 108 Mo. App. 188; Bright v. Miller, 95 Mo. App. 278.

STATEMENT.—This was a suit in replevin instituted before a justice of the peace in Crawford county on the 23d day of May, 1907, to recover possession of forty-seven white oak and post oak railroad ties of the value of the twelve and 92-hundredths dollars, which the respondent claims to own and which were charged to be in the possession of the appellant. The trial in the justice's court resulted in a verdict in favor of the respondent. An appeal was prosecuted to the circuit court of Crawford county, and at the October term, 1907, the case was tried before a jury which returned a verdict for respondent entitling him to recover seventeen of the ties in question and entitling appellant to thirty ties which were of the value of twelve dollars. Appellant was allowed to elect whether he would take the thirty ties or the value assessed by the jury, to-wit, twelve dollars. He has perfected his appeal to this court.

The evidence of respondent tended to show that he and one McDermed entered into a written contract on the 16th day of February, 1907, in the following language:

"This 16th day of February, I agree to sell Jno. Bass all the white oak tie timber on forty acres and all the black oak; white oak at 27½ at the tree after they are made, and 17 cts. for the black oak. Chas. McDermed."

Respondent testified that about the 29th day of February, 1907, he received from McDermed some ties at Steelville and paid for them as they were received. At that time he told him to go ahead and make some ties which was agreed to, "and in a few days, he came back and said he had thirty ties in the woods and he

wanted some money on them and I paid him three dollars; he owed me at that time one dollar and eighty cents besides the three dollars. This was some two or three days before the replevin suit was commenced." Respondent also stated that appellant knew he was buying ties; that he heard appellant say that McDermed told him he had sold respondent ties. "McDermed told me I could have all the ties he made on the forty acres of land. The ties were left out in the woods. I did not pay him all at that time. I was to send my team out and have them hauled in. He said he had thirty-odd ties in the woods which I was to take in the woods. These are the ties I replevied from Abeles and are the ties in controversy in this case." Other testimony was introduced corroborating these statements.

The evidence on the part of the appellant tended to show that he was also in the tie business; that about the middle of May, 1907, he had a conversation with McDermed in which McDermed told appellant that he had been selling ties to John Bass and that he had some more to sell. Appellant asked if Bass had advanced any money on the ties and McDermed replied that Bass had refused to advance any money. Appellant gave McDermed a check in payment for fifty-two ties which had been inspected and branded by his employee and which were later taken up; that he was to pay forty cents for them delivered at Steelville and that he received forty-seven ties; that at the time he bought the ties, he had no knowledge that anyone else had any claim to them; that he had the ties branded in the woods; that he advanced ten dollars which would pay for twenty-five of the ties in full. Other testimony was introduced tending to support this evidence.

NIXON, P. J.—This transaction concerns a sale of property such as is not usually accompanied by actual delivery of possession at the time of sale and on which the statute has allowed a reasonable time for delivery.

Section 3410 of the Revised Statutes provides: "Every sale made by a vendor of goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had to the situation of the property, . . . shall be held to be fraudulent and void, as against . . . subsequent purchasers in good faith."

Although at common law, consent alone was sufficient to constitute a valid sale (Peycke Bros. v. Ahrens, 98 Mo. App. 459, 72 S. W. 151), the statute of fraudulent conveyances now intervenes and requires that the sale must be accompanied by delivery in a reasonable time. The sale and delivery may not be contemporaneous. Although a sale in good faith may not have been accompanied by delivery, it is valid until the expiration of a reasonable time for such delivery; but it becomes fraudulent and void as to subsequent bona fide purchasers after a reasonable time for delivery. [Kendall Boot and Shoe Co. v. Bain, 46 Mo. App. 595; Dillin v. Kincaid, 70 Mo. App. 674.]

The appellant offered instructions at the trial on the theory that delivery must accompany the sale, and that if delivery did not accompany the sale, such sale would be void as to him. The purchase price of the property in this case was less than thirty dollars. The law in this State on this question has been long established, and the terms of the statute itself are so plain as to need little comment or interpretation. The authorities, numerous and consistent, are to the effect that under circumstances such as presented in this case, the question of what is a reasonable time for effecting a change of possession is a mixed question of law and fact and to be submitted to the jury under proper instructions. The evidence in this case, being controverted, it was for the jury to pass upon the facts and determine the question of what was a reasonable time after the sale for the delivery of the ties. The property in question was railroad ties, made some four

or five miles from the railroad. They required no attention after they were made, would not depreciate in value except by long exposure, were in no way an impediment to the business of the seller, and their remaining at the place where made could not in any way injure or interfere with the rights of other parties; and the question of reasonableness was properly left to the jury, chosen from the neighborhood who were peculiarly well qualified to pass upon the question and determine by all the circumstances, usages and customs of the business, the conditions of the roads and the distance from market, whether a reasonable time had expired for delivery.

The appellant had one trial in the justice of the peace court, a domestic tribunal, in which justice was untrammeled by any of the technicalities of the civil code of procedure. The respondent obtained judgment before that tribunal. Upon appeal, another trial was had and the same result was reached. No serious objection is made to the instructions given by the court. They substantially declare well-established legal principles as applicable to the facts of this case. We find no substantial error in the record, and the judgment, being for the right party, is affirmed. All concur.