## F. Mayer, Plaintiff in Error, v. Hirsch, Stein & Company, Defendant in Error.

### Gen. No. 23,984.

FRAUDS, STATUTE OF, § 69*—*what is sufficient memoranda to take contract for purchase of merchandise out of operation of.* An oral contract for the purchase of merchandise is taken out of the operation of the Statute of Frauds by memoranda, one of which consists of a purchase memorandum of a designated number containing all the terms of the contract and which is sent to the purchaser in duplicate with the request that one copy be signed by him and returned, and the other of which consists of a letter in reply signed by the purchaser and reading, "Referring to your contract No. 3543, please be advised we have cancelled this contract."

Error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and remanded. Opinion filed November 6, 1918.

GEORGE B. COHEN, for plaintiff in error.

STEIN, MAYER & STEIN, for defendant in error; SIG-MUND W. DAVID and JOHN J. DEVER, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

This was a suit brought in the Municipal Court of Chicago, in which the plaintiff, Mayer, sought to recover from the defendant, Hirsch, Stein & Company, damages in the sum of $400 for an alleged breach of contract. After the filing of an amended statement of claim by the plaintiff, and an affidavit of merits thereto by the defendant, there was a motion by the latter to dismiss the suit on the pleadings, which motion was allowed and judgment entered for the defendant, from which the plaintiff has appealed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The contract set forth in the plaintiff's amended statement of claim was an oral contract. In its affidavit of merits the defendant set up the Statute of Frauds and alleged that the contract in question was void and unenforceable because it was within that statute.

In his statement of claim the plaintiff set forth that following the making of the alleged oral contract he had sent the defendant a written confirmation of it, a copy of which was attached to the amended statement of claim, as exhibit A, and that he had later received a communication from the defendant canceling the contract, a copy of which communication was also attached as exhibit B.

The sole question presented by this appeal is, whether the writings as contained in exhibits A and B, attached to plaintiff's amended statement of claim, amounted to sufficient memorandum of the contract to take it out of the operation of the Statute of Frauds.

Exhibit A was a copy of a memorandum in writing sent to the defendant by the plaintiff which was headed "Purchase memorandum No. 3543," and contained all the terms of the alleged verbal contract. It was sent to the defendant in duplicate with the request that one copy be signed by the defendant and returned, which was not done.

Exhibit B was a copy of a letter sent to the plaintiff by the defendant some time later, and read as follows: "Referring to your contract No. 3543, please be advised we have cancelled this contract." This was signed by the defendant.

In our opinion it was error on the part of the trial court to dismiss the plaintiff's suit and hold as a matter of law that the writings set forth in the foregoing exhibits did not constitute a sufficient memorandum to take the contract out of the Statute of Frauds.

It is admitted by the defendant that the memorandum need not be made at the time of the oral agree-

ment, and further that it may be composed of different papers and need not be contained in one document. It is, of course, necessary that the memorandum be signed by the party to be charged (the defendant in the case at bar), and it must contain all of the terms of the alleged contract. If the memorandum is made up of several writings, that one which is signed by the party to be charged must so clearly refer to the ones not so signed, that no other document or thing could be intended by the reference. The connection between them must appear from evidence derived solely from the document or writing which has been signed. In our opinion this was true of the document involved here. The letter signed by the defendant refers to "your contract No. 3543," clearly meaning the written memorandum of the terms of the contract which had been received from the plaintiff. This was true notwithstanding the fact that the document referred to was not a contract, but rather a memorandum of its terms. The term used by the defendant in describing the thing referred to is not so important as the number by which he describes it, a number which, of course, was not attached to the contract which admittedly, from the pleadings, was oral, but was attached to the written purchase memorandum. The fact that this memorandum was sent in duplicate and that the defendant did not sign and return one copy to the plaintiff as requested, but instead wrote the letter set forth in plaintiff's exhibit B, does not alter the situation. The language employed by the defendant in writing the letter is the same as if it had said, "we admit there was such a contract as set forth in your purchase memorandum No. 3543 but we wish to advise you that we have cancelled it." The language used by the defendant clearly admits the existence of a contract. If there was a cancellation, *a fortiori,* there must have been something to cancel, namely, a contract. The case would be different, of course, if the defendant's letter denied the mak-

ing of the contract at all, or contended for additional or different terms than those contained in the plaintiff's purchase memorandum referred to.

The purpose of the statute—to prevent fraud and to provide the certainty of written evidence in lieu of the uncertainty of oral evidence, both as to whether a contract exists and as to its terms—is fully met by the defendant's letter. The fact that the defendant's letter proceeds to announce the cancellation of the contract does not alter its effect as part of the memorandum sufficient to satisfy the Statute of Frauds. An oral contract may be taken out of the statute by a letter in which the party to be charged admits the making of the contract but, in terms, cancels it, or in which the writer seeks to deny or repudiate his liability under it. Browne on the Statute of Frauds, sec. 354a. In the first edition of his work, entitled "Law of Contract of Sale," Lord Blackburn stated that it had never been decided whether "an admission of the terms of the bargain signed for the express purpose of repudiation can be considered a memorandum to make the contract good; but it seems difficult on principle to say how it can be so considered." In the second edition of this work, at star page 62, the language of this paragraph as quoted above is repeated, but in parenthesis there also appears the following: "(Since this passage was written the point has been decided and it is now the law that a letter written for the purpose of repudiating a contract may be good as a memorandum.)"

Among the authorities to this effect are the following: *Wilkinson v. Evans,* L. R. 1 C. P. 407, which was an action to recover the price of certain cheese. The plaintiff sent the goods and also an invoice of them in the usual form. The defendant refused the goods, returning the invoice to the plaintiff with the following in writing on the back of it: "The cheese came to-day but I did not take them in for they were very badly crushed, * * *." Held, a sufficient memorandum.

Here, as in the case at bar, there was a constructive admission that there was a contract, the terms being as stated in the invoice, or purchase memorandum; the communication then proceeding to cancel the contract, the reason for the cancellation being given in the case cited, but not given in the case at bar.

*Bailey v. Sweeting*, 9 C. B. (N. S.) 843, was an action for goods bargained and sold, which were delivered to the defendant but were refused by him because of their damaged condition. Defendant wrote plaintiff a letter saying he had declined to receive the goods and would not have them. The letter did not refer to another document containing the terms of the verbal contract, but itself recited those terms. It was contended by the defendant that the statement of the terms of the contract in his letter did not make it a sufficient memorandum within the statute, because the latter part of the letter contained a repudiation of his liability. In holding otherwise, the court said that defendant did not apparently intend by his letter to deny his liability by reason of the absence or insufficiency of the contract but merely the question of the damage of the goods. In concurring, Williams, J., said: "The only question is whether it (the defendant's letter) is the less a note or memorandum of the bargain, because it is accompanied by a statement that the defendant does not consider himself liable in law for the performance of it. There is nothing in the statute to warrant that   *   *   *.   There was a valid contract and the letter was a sufficient memorandum. The intention of the defendant to repudiate or abandon the contract cannot affect the question as to the sufficiency or insufficiency of it."

*Haubner v. Martin*, 22 Ont. App. 468, was an action on an oral contract for goods sold. The plaintiff wrote the defendant stating the terms of the sale, inclosing the invoices and advising him that he had drawn on him for the purchase price. The defendant wrote in

reply that his agent (who had made the contract) had exceeded his authority; that he did not want the goods and would not accept the draft; that "the goods shown by your invoice are not what I wanted and the amount is far in excess of the value of the goods I did want." This was held a sufficient memorandum, the court saying that the defendant must by his letter be considered as having admitted the particulars of the bargain, between the plaintiff and his agent, but denied the latter's authority to make it. Continuing, the court said: "A letter repudiating liability under a contract may nevertheless amount to a memorandum in writing, if there is an admission of the contract and its substantial terms are stated."

In *Buxton v. Rust*, L. R. 7 Exch. 1, the plaintiff bought of the defendant a parcel of wool, "the whole to be cleared in about 21 days." A memorandum of the terms of the sale was handed to the defendant by the plaintiff. Subsequently the defendant wrote the plaintiff: "It is now 28 days since you and I had a deal for my wool, which was for you to have taken all away in 21 days from the time you bought it. I do not consider it business to put it off like this; therefore, I shall consider the deal off, as you have not completed your part of the contract." Plaintiff requested to see a copy of the contract and the defendant wrote him again, inclosing a copy of plaintiff's memorandum, saying: "I beg to enclose copy of your letter of the 11th of January," etc. It was held that the last letter written by the defendant with its inclosure, taken in connection with his previous one, constituted a recognition of the existence of the contract and its terms, and that there was therefore a sufficient memorandum in writing signed by the defendant to satisfy the Statute of Frauds.

*Elliott v. Dean*, 1 Cab. & El. 283, was an action to recover damages for breach of an oral contract wherein the defendant agreed to buy certain silks. The plain-

tiff had sent the defendant an invoice of the silks and the defendant in reply wrote: "I return invoice that you sent us. I must also inform you that it is no use now. We have cancelled the order, and I shall be surprised if you persist in sending either the spun or the invoice again for we shall not have it under any circumstances whatever." The invoice contained all the terms of the contract. It was argued that the fact that the letter contained the words, "We have cancelled the order" made it an insufficient memorandum to take the alleged contract out of the operation of the Statute of Frauds, because it showed the defendant no longer regarded the contract as an existing one. It was held that this made no difference and that the memorandum was sufficient. The court said: "The true test is, does the defendant, by his writing, recognize and adopt the writing (invoice) as embodying the terms which the parties had previously agreed upon."

In *Heideman v. Wolfstein,* 12 Mo. App. 366, the plaintiff sued for breach of the defendant's oral contract to sell a quantity of leather. At the time the bargain was made, the defendant handed the plaintiff a memorandum of the leather in question, which he signed. Later the plaintiff wrote the defendant requesting the shipment of the leather and the defendant wrote in reply saying: "Yours of the 2nd inst. to hand. Reason I did not ship the leather is, that I obtained information regarding your standing which exactly did not suit me, and therefore declined the order." It was held that the original memorandum, with the letters referred to, supplied all that was needed to establish the terms of the alleged contract and that their effect was in no way modified by the defendant's letter that he "declined the order." The court added: "A letter may even repudiate any and all liability in the writer, and yet, by its reference to an oral contract, take it out of the statute." It was held that the correspondence made sufficient reference to the subject-

matter of the original memorandum, which the defend-
ant had also signed, to make it a part of the whole and,
when taken together with the letters, satisfied the
statute.

As against these decisions the defendant has called
our attention to *Wilson v. Lewiston Mill Co.*, 150 N. Y.
314, and *Fowler Elevator Co. v. Cottrell*, 38 Neb. 512.
In our opinion neither of these cases is in point. In
the first case the plaintiff's agent had a talk with the
defendant relative to selling them some cotton, after
which he communicated with the plaintiff suggesting
that he wire the defendant an offer, which was done,
after which the agent again called on the defendant,
at which time the defendant made a new proposition
to pay 10⅜ cents for the cotton in question. The agent
of the plaintiff wrote his principal communicating the
new bid, whereupon the plaintiff wired the defendant,
under date of November 5th, confirming the sale. To
this the defendant replied: "We find it will be impos-
sible for us to take the 1,000 bales of cotton mentioned
in yours of the 5th ult. as it is impossible to get the
funds." It was held that this latter communication
was not a recognition of the existence of the contract;
that while it referred to the plaintiff's communication
"of the 5th ult." it did not admit the making of the
contract therein alluded to. The case might have been
different if that letter had been in the language of the
one involved in the case at bar and had said, after re-
ferring to "yours of the 5th ult.," "We beg to advise
you that we have cancelled that contract."

In the latter case the plaintiff sent the defendant a
purchase memorandum, confirming a contract which
had been entered into over the telephone, which mem-
orandum contained the terms of the contract. The de-
fendant wrote in reply: "It will be impossible for us to
ship you any corn." The plaintiff replied and pro-
tested against the failure of the defendant to carry out
the contract. This letter did not contain the terms of

the contract. Again the defendant wrote: ''Replying to your letter of March 31, at the time corn sale in question was made, we supposed we had control of the corn and could handle it and sell it. Since then obstacles have presented themselves, and circumstances over which we have no control will prevent us from filling the sale. We cannot, therefore, fill the sale, much to our chagrin, and you will have to look elsewhere for the corn.'' It was held that this was an insufficient memorandum to satisfy the Statute of Frauds. The court pointed out that the letters of the defendant in no way referred specifically to the original purchase memorandum which contained the terms of the contract. In this the case differs from the one at bar. The court did add, however: ''It may be observed, further, that had the letters of the defendant referred in the most unequivocal terms to the plaintiff's communication of March 4 (the original purchase memorandum), the statute is still applicable, since we find therein no acknowledgment of the alleged parol agreement, but on the other hand an express repudiation thereof.'' This is, of course, *obiter dictum,* and in our opinion against the weight of authority.

For the reasons stated the judgment of the Municipal Court will be reversed and the case remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*