## Shelbourne Mills v. Bradford Clothing Company.

*Sigmund H. Steinberg*, for plaintiff; *Harry Felix*, for defendant.

GORDON, JR., J., April 22, 1929.—This is an action upon an oral contract for the sale of goods of value in excess of $500, and the case is before us upon a motion to take off a non-suit. The statement of claim set up an oral sale, followed by a written confirmation or acknowledgment thereof by the plaintiff seller, and a written attempt to cancel the sale, signed by the defendant buyer. The affidavit of defense denied the making of the alleged contract of sale by the defendant, and the question presented for our determination is whether the contract in suit was evidenced by a "note or memorandum in writing . . . signed by" the defendant. According to the evidence presented by the plaintiff, one of its agents visited the defendant's store on or about Jan. 26, 1926,

and solicited an order for cloth, and, after some conversation about styles and time of delivery, the defendant gave the agent an oral order for ten bolts or pieces, containing 536½ yards, at $2.50 per yard, to be delivered between Feb. 15 and 20, 1926. This was the entire order as testified to by the plaintiff's agent and constituted the oral contract thus made by the parties. On the following day, the plaintiff sent to the defendant a writing, which it designated an "acknowledgment of order," in which the order as testified to by the agent was recited, and, in addition, six other terms or conditions of sale, not contained in the oral agreement, were included. The conditions thus added to the oral agreement were: (1) That the order was not subject to cancellation, except for failure to deliver in accordance with the conditions of purchase; (2) that the seller should not be responsible for late or non-delivery caused by strikes, fires or other causes beyond his control, and that the goods should not be returned, nor would allowances be made for any cause after thirty days from receipt nor after the goods were sponged or cut; (3) that all terms of the sale and deliveries were set forth in the acknowledgment; (4) that partial deliveries were to be paid for at contract rates upon maturity of bills therefor; (5) that the order was subject to a limit or withdrawal of credit determinable at any time by the seller, and (6) that it was mutually agreed that any dispute as to condition of merchandise delivered should be settled by the Mutual Adjustment Bureau of the Cloth and Garment Trades. On Feb. 11, 1926, the defendant sent to the plaintiff a letter, which read as follows:

"Dear Sir: Please cancel all goods on order, and oblige, Very truly yours, Bradford Clothing Company." In the lower left-hand corner of this letter appeared the words "Order No. 6026," which corresponded to the number given by the plaintiff in its acknowledgment of the order.

Upon proof by the plaintiff of the foregoing facts, the trial court entered a non-suit, which the plaintiff now moves to take off, contending that the defendant's letter, attempting to revoke or cancel the plaintiff's acknowledgment of the oral order, together with the acknowledgment, satisfied the requirement of section 4 of the Sales Act of 1915, which provides that no contract for the sale of goods of the value of $500 or upwards shall be enforceable "unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf." With this contention we cannot agree. While it is well settled that, to satisfy the statute, a contract may be gathered from a series of writings passing between the parties (Manufacturers L. & H. Co. v. Lamp, 269 Pa. 517; Blair v. Turner, 168 N. Y. Supp. 660), and that an attempt in writing to revoke or cancel an oral contract satisfies the statute (Manufacturers L. & H. Co. v. Lamp, *supra;* Wiarda v. Independent Chemical Co., 162 N. Y. Supp. 158; Mayer v. Hirsch, 212 Ill. App. 441; Spiegel v. Lowenstein, 147 N. Y. Supp. 655), it is equally well settled that the terms agreed upon must appear somewhere in the writings exchanged by the parties (Eagle Paper Box Co. v. Gatti-McQuade Co., 164 N. Y. Supp. 201; Kronfeld v. Natelson, 187 N. Y. Supp. 449; Manufacturers L. & H. Co. v. Lamp, *supra);* and that a written confirmation of an oral order, which contains other and different terms from those agreed upon, may be canceled by the buyer without bringing himself within the statute: Northwestern Consolidated Milling Co. v. Allebach, 82 Pa. Superior Ct. 563. The reason for the latter rule is that, since the written confirmation does not agree with the oral contract actually made, the former is a different contract and is merely an offer, which cannot become a binding contract until accepted. It may, therefore, be rejected in any form the offeree desires without subjecting him to the risk, which the statute of frauds is designed to prevent, of

having the different oral agreement, or any of its terms, enforced against him by the testimony of witnesses.

The case last cited is directly in point here. In it the Superior Court, speaking through Keller, J., said: "In the present case, a verbal order was given by defendant to plaintiff's agent for some flour and middlings on certain terms as to price and delivery. A written order of confirmation was sent defendant for his signature. This order form changed the shipment from 'rush' to 'prompt' and contained a long string of terms and conditions (eleven in number), which it is not testified formed any part of the verbal order, and one of which sanctioned any shipment made within sixty days. Defendant wrote across the face of it, 'Please cancel and oblige A. T. A.' (his initials). In our opinion, this was not an unequivocal or unambiguous recognition that an oral contract had been entered into on the terms set forth in the written order; it was only a cancellation of the verbal order, not a recognition that it conformed as to terms and conditions with the written form presented for his signature: Schwarzenbach v. Schwartz, 193 N. Y. Supp. 573."

The facts disclosed in the opinion just quoted are substantially the same as those in the case before us. The plaintiff here showed by the testimony of his witness that the oral order which the defendant gave the plaintiff merely called for the delivery between Feb. 15th and 20th of ten pieces of a certain style of cloth at $2.50 a yard, while the "long string of terms and conditions" contained in the written acknowledgment of the order formed no part of the oral order. When, therefore, they were added to it in the writing, they made the written contract materially different from that actually agreed upon; and by showing this divergence in its own case, the plaintiff cannot enforce by action the real contract, which was never reduced to writing and signed by the party to be charged.

It is true that in most of those decided cases in which it has been held that the statute has not been complied with the defect in the memorandum consisted of a deficiency in some material part of the contract, either through an entire absence of some of its terms, a variance of terms or an indefiniteness of phraseology, rather than through an inclusion of additional terms. This difference, however, does not alter the applicability of the rule that the writing must contain the true contract agreed upon, because, whether the difference be in the addition or subtraction of terms, if they should thereafter become the subject of dispute between the parties, parol evidence would be required to establish the exact contract entered into, and thus the very purpose of the statute of frauds would be defeated.

As has been frequently pointed out, the statute does not invalidate oral contracts of a value in excess of $500. Indeed, it recognizes that they exist and may be valid in all particulars. It merely provides that such contracts shall not be "enforceable by action" unless they be in writing or a note or memorandum of them be made and signed by the party to be charged. Because of this feature of the statute, the courts have been quick to seize upon any plausible excuse for holding the memorandum sufficient, and, as already indicated, have gone so far as to hold that the statute is satisfied, even where the writing which the defendant has signed is no more than a categorical repudiation of a contract by cancellation. This has been upon the theory that an attempt to cancel necessarily implies an acknowledgment that the contract was made, the only requirement being that the real terms of the contract must appear in some form in the writings passing between the parties. We are not prepared, however, to entirely vitiate the statute by taking the further step of holding that a bare attempt in writing to cancel a purely oral contract would satisfy

the statute and admit parol evidence to prove its terms. While it may be conceded that a seller may, if he can, secure an enforceable contract by inducing the buyer unwittingly to sign a document referring to some memorandum of an unenforceable contract, it would seem but equitable to require the one who resorts to such a method to be careful that his memorandum shall contain only the exact terms agreed upon.

The motion to take off the non-suit is accordingly overruled.