HORACE F. WEBSTER & another *vs.* JOSEPH C. CONDON & another.

Suffolk.    January 8, 1924. — February 29, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Frauds, Statute of.   Custom.   Sale.*

At the trial of an action for the purchase price of oats alleged to have been sold and delivered to the defendant, where the defendant relies upon the statute of frauds, it is proper to exclude evidence tending to show a custom and usage among grain dealers, which was known to and acquiesced in by the defendant, to disregard and waive the legal rights possessed by a purchaser under the statute of frauds.

At the trial of the action above described, the only writings introduced to satisfy the statute of frauds were a sales slip dated July 22, made out by the plaintiff to a firm name under which the defendant did business, without disclosing the name of the seller and without the signature of the defendant or of any one on his behalf; a letter dated July 30 by the defendant to the plaintiff which contained no reference to the alleged contract of July 22, unless it be in the words, " I would like to buy 5 cars of oats to even up on the 96c Dec. oats," and a letter dated August 5 by the defendant to the plaintiff reading as follows: " Wrote you several days ago in regards buying some September or December Oats to even up on the two purchases I made on the very top of the market after being strongly advised to do so by your office." *Held*, that there was no evidence that the requirements of the statute of frauds had been satisfied.

CONTRACT by Horace F. Webster and Albert K. Tapper, copartners doing business under the name of Webster Tapper

Company, against Joseph C. Condon and Mary T. Condon, copartners doing business under the name of Pawtucket Produce Company, upon an account annexed for $5,775, being the purchase price, at ninety-six cents per bushel, and storage and extra freight rates, on five cars of oats. Writ dated June 10, 1921.

The defendants in their answer set up the statute of frauds.

The action was tried before *Lummus*, J. Material evidence is described in the opinion. At the close of the evidence, on motion of the defendant and by order of the judge, a separate verdict was entered for each defendant. The plaintiffs alleged exceptions.

The case was submitted on briefs.

*H. H. Pratt*, for the plaintiffs.

*W. G. Todd*, for the defendants.

DeCourcy, J. This is an action of contract brought to recover the loss upon five cars of oats, alleged to have been purchased by the defendants from the plaintiffs on July 22, 1920. The answer set up the statute of frauds, with other defences. At the trial the plaintiffs offered evidence tending to show a custom and usage among grain dealers, which was known to and acquiesced in by the defendants, to disregard and waive the legal rights possessed by them under the statute of frauds. The offer was excluded by the trial judge, and the plaintiffs excepted. The only other exception is to the granting of the defendants' motions that a verdict be directed for them respectively.

1. The evidence was excluded rightly. The defendants may recognize their obligations under oral contracts, and refrain from setting up the statute of frauds in actions brought against them if they so wish. But if they do rely upon the statute, a custom or usage cannot be allowed to annul the general liabilities of the parties under the established rules of law. *Conahan* v. *Fisher*, 233 Mass. 234, and cases cited. *Webster-Tapper Co.* v. *Eastern Hay Co.* 39 R. I. 482.

2. The alleged contract was for the sale of goods in excess of $500. It is not contended that the defendants accepted any part, or gave anything to bind the bargain or in

part payment; so that the plaintiffs cannot prevail " unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." G. L. c. 106, § 6 (1). And it is settled that the memorandum must state upon its face, or by means of other documents to which reference may be had, all of the essential terms of the agreement. *Nickerson* v. *Weld,* 204 Mass. 346, 354.

The only writings introduced to satisfy the statute of frauds were a sales slip and two letters. The sales slip was dated July 22, 1920, and made out by one of the plaintiffs, "To Pawtucket Products Co.," without disclosing the name of the seller. It was not signed by or on behalf of the defendants; in fact, it does not appear that they ever saw it, nor does the record disclose any of the circumstances attendant upon the making of it. Plainly it is not in itself a sufficient compliance with the statute. The letter of the defendants dated July 30, 1920, contains no reference to the alleged contract of July 22, unless it be in the words: " I would like to buy 5 cars of oats to even up on the 96c Dec. oats." In the defendants' letter of August 5, is the following: " Wrote you several days ago in regards buying some September or December Oats to even up on the two purchases I made on the very top of the market after being strongly advised to do so by your office." In neither of them is any reference made to the sales slip. The later letter mentions not one but two purchases; and from its mention of the earlier letter in this connection, it is reasonable to infer that the " 96c Dec. oats " embraced the same two purchases. There was no parol evidence connecting the defendant Mary T. Condon with the alleged contract; and the defendant Joseph C. Condon, when asked for shipping directions, denied that he ever made any such purchase. On this record there was no error in directing verdicts for the defendants. See *Lerned* v. *Wannemacher,* 9 Allen, 412, 416. *Schmoll Fils & Co. Inc.* v. *Wheeler,* 242 Mass. 464.

*Exceptions overruled.*