Carr, J.
The plaintiff in her declaration says that she was the holder of a first mortgage on certain property; that upon breach of the mortgage covenants she held a foreclosure sale by public auction; that the terms of the sale required “the purchaser to make a deposit of ,$500.00 in cash or certified check”; “that the auctioneer announced the terms of the sale”; that the property was knocked down to the defendant for $7000.00 and declared sold to her; that therefore the auctioneer demanded the deposit “required to be paid under the terms and conditions of said auction sale”, but that the defendant refused to pay it to him; that thereupon the auctioneer called for new bids and the property was sold to the highest bidder for $3400, whereby the plaintiff lost the sum of $3600.
By her amended answer the defendant set up the Statute of Frauds.
A sale at auction of real estate is within the provisions of the Statute of Frauds (G. L., Ter. Ed., Ch. 259, § 1, cl 4). The only questions raised by this appeal are whether any memorandum has been made or any act done by or on behalf of the defendant which deprive the defendant of the defence of the Statute of Frauds.
*395 An auctioneer is the agent of both parties to the sale to make and sign the memorandum of the contract of sale. His sufficient memorandum of the sale satisfies the statute. Elis power to make the memorandum for the purchaser, however, must be exercised, “substantially contemporaneous with the sale and as a part of it”. White v. Dahlquist Mfg. Co., 179 Mass. 427. His agency for the purchaser does not extend beyond the day of the sale;
Clark v. Olejnik, 240 Mass. 215;
nor beyond the time when he proceeds to sell to another at the auction. Giolitto v. Dingolo, 251 Mass. 38.
There was evidence at the trial that the auctioneer made a memorandum of the sale to the defendant on a piece of paper at the time of that sale; that after the sale he went' home and transcribed “said paper onto a clean piece of paper” and destroyed the original because it was dirty. The judge was not required to believe this testimony even if it were not contradicted. Devine v. Murphy, 168 Mass. 249. Lindenbaum v. N. Y., N. H. & H. R. R., 197 Mass. 314, 323. Topjian v. Boston &c. Co., 288 Mass. 167,168.
The judge found specifically that “the auctioneer made no memorandum of sale when the property was struck off to the defendant”. Consequently there is no such memorandum on which the plaintiff can rely.
The plaintiff filed in this action a written demand for the admission of facts in accordance with Q-. L., Ter. Ed. Ch. 231, § 69, and she now contends that the written answers to this demand, signed by the defendant’s attorney, satisfied the Statute of Frauds, cf. 22 American Law Eep: annotated, 735. She introduced in evidence at the trial answers 8,15 and 16. These answers are as follows:
“8. The defendant admits that there was a foreclosure of the premises at 74-76 Savin Street, Dorchester, on August 14, 1933.
*396 15. The defendant admits that a new sale was started and that the auctioneer called for bids.
16. (The defendant admits) that at said sale the property was duly ‘knocked down’ and declared sold by the auctioneer to Ethel Bilonsky, the defendant, the highest bidder, for $7000.00.”
It was formerly held, at least in equity, that if a defendant by answer admitted the facts of an oral agreement, he could not use the Statute of Frauds as a defense. But by the weight of authority this is not now the law. Such admission is inoperative if the defendant also pleads the Statute of Frauds. 2 Williston Contracts (Williston & Thompson Revised Ed.), §568, note 11. Pomeroy, Specific Performance, 3rd ed., §140 et seq. 2 Story, Equity Jurisprudence, 14th ed., §1038 et seq. Browne, Statute of Frauds, §515. 22 American Law Reports, annotated, 723, and cases cited by these authorities.
There is still more reason for applying this rule to statements made in a case in response to compulsory machinery for ascertaining facts and evidence for the trial. Under statutory provisions relating to interrogatories an answer could be ordered by the court to pertinent questions relating to the terms of an oral contract. It could never have been intended by such procedure to force a defendant to waive the defence of the Statute of Frauds. It is not the law that a defendant must chose between perjury and the statute. The situation is similar under the act authorizing a demand for the admission of facts.
As was said in a case in the District of Columbia: “If the defendant is obliged to answer and confess a paroi agreement, there is no possible case in which a paroi agreement can be vacated by that statute; unless the defendant will commit perjury by denying it. Instead therefore of preventing fraud and perjury, the statute would tend to increase them. ”... Thompson et al. v. Jameson, 1 Cranch C. C. 295, 297.
*397 As was said in a case in Missouri, where the defendant was subpoenaed and required to give her deposition: ‘‘ The law likewise enacts that he may plead the statute, where called to answer a verbal contract. Since, then, the law, requires him to give his deposition, when called upon, and since the law permits him to plead the statute in an action against him founded on a verbal contract, the two legal propositions ought to be interpreted in harmony and so that one may be carried out in practice without nullifying the other. To do this we must allow the statute full effect, notwithstanding the defendant may have stated the contract in a deposition required and taken by the opposite party. Otherwise, the statute could practically be set at naught in perhaps the greater number of cases where it has commonly been applied.” Cash v. Clark, 61 Mo. App. 636, 642, et seq.
In no event should such admissions affect the trial in which they are made where the defendant relies on the Statute of Frauds.
E. A. Harriman in the second edition of his work on Contracts, §603, says: “The memorandum may be made at any time before suit is begun, but not afterwards. This follows from the language of the statute, ‘No action shall be brought’. If the memorandum is made after the action is begun, and the statute is relied upon as a defence, the plaintiff must dismiss his action and bring a new one.”
see Brown, Statute of Frauds, §352 a, where it is said: “As to the time when the memorandum must be executed, it is settled that it may be at any time subsequent to the formation of the contract by the parties and before action brought.” 2 Williston, Contracts, op. cit. §590. 1 Restatement Law of Contracts, §215. Same work, Mass, notes, §215. White v. Dahlquist Mfg. Co., 179 Mass. 427, 432.
Of course we are not dealing with a case where the defendant wishes to recognize his oral contract and does not *398 set up in his answer the defence of the Statute of Frauds. Webster v. Condon, 248 Mass. 269, 270. McDonald v. Fitch, 281 Mass. 528. Livingstone v. Murphy, 187 Mass. 315.
In view of what has been said it is not necessary to determine whether the admissions in the defendant’s answers 8,15 and 16 meet the requirements of the Statute of Frauds. Starting with the facts admitted by the defendant, the plaintiff’s argument, at least as disclosed by the rulings she requested, is that other essential terms will be implied, such as that performance must be within a reasonable time and the terms cash.
As to this see Roginsky v. Foley, No. 282087 (41 App. Div. 100) of this court.
Where resort must be had to paroi evidence to determine some of the terms, the agreement is within the “mischief intended to be prevented by the statute.”
It is true that “pleadings shall not be evidence on the trial, but the allegations therein shall bind the parties making them.” Gen. Laws, Ter. Ed., Ch. 231, § 87. In the pending ease the plaintiff is bound by the allegation in his declaration “that the terms of the sale required a deposit of $500 in cash or certified check” and “that the auctioneer announced the terms of the sale”. It is obvious therefore that the ordinary presumptions do not hold in this case; that resort must be had to paroi evidence for some of the terms. It seems therefore that the plaintiff’s case has the defects adverted to in the following cases. Morton v. Dean, 13 Met. 385. Riley v. Farnsworth, 116 Mass. 223, 225. cf. Webster v. Condon, 248 Mass. 269, 271. cf. Hayes v. Jackson, 159 Mass. 451 (see cases collected in dissenting opinion).
Report dismissed.