JACK L. STULSAFT, Appellant, v. MERCER TUBE AND MANUFACTURING COMPANY, Respondent.

Argued April 15, 1942; decided June 4, 1942.

*Harry B. Sale* and *Solomon C. Stember* for appellant. There was no need, under the Statute of Frauds, for the term of compensation to appear in the written memorandum, inasmuch as the agreement merely carried forward an existing employment embracing an established term of compensation. The mere continuation of the employment *ipso facto* carried forward by implication the previously established term of compensation since the memorandum did not expressly or by necessary implication exclude that term. (*Marks* v. *Cowdin*, 226 N. Y. 138; *Adams* v. *Fitzpatrick*, 125 N. Y. 124; *Berth* v. *Knapp Co.*, 215 App. Div. 693; *Spiegel* v. *Lowenstein*, 162 App. Div. 443; *Cohen & Sons* v. *Lurie Woolen Co.*, 232 N. Y. 112; *Imperator Realty Co.* v. *Tull*, 228 N. Y. 447.) There was no need, under the statute, to evidence in the written memorandum the term of compensation, since it was concededly the established rate fixed by the usage and custom in the trade in the particular kind of sales representation involved, and was, therefore, implied

in the contract. (*Walls* v. *Bailey*, 49 N. Y. 464; *Cassin* v. *Stillman-Delehanty Ferris Co.*, 185 App. Div. 63; *Newhall* v. *Appleton*, 114 N. Y. 140; *Ragette* v. *Maxwell Co.*, 188 App. Div. 715; *Morgan* v. *Mason*, 4 E. D. Smith, 636; *Mesibov, Glinert & Levy* v. *Cohen Bros. Mfg. Co.*, 245 N. Y. 305; *Curry* v. *Mackenzie*, 239 N. Y. 267.) In any event, the letters, together with the checks, remittance memorandums and invoices, constitute a sufficient memorandum in writing to satisfy the requirements of the Statute of Frauds. (*Marks* v. *Cowdin*, 226 N. Y. 138; *Young* v. *Leary*, 135 N. Y. 569; *Wright* v. *Weeks*, 25 N. Y. 153; *Lipschitz* v. *Grace & Co.*, 104 Misc. Rep. 55; 188 App. Div. 912; *Petrie* v. *Hamilton College*, 158 N. Y. 458; *Mills Power Co.* v. *Mohawk Hydro-Electric Co.*, 155 App. Div. 869; 215 N. Y. 666; *Vandevoort* v. *Dewey*, 42 Hun, 68; *Cohen & Sons* v. *Lurie Woolen Co.*, 232 N. Y. 112.)

*H. Preston Coursen* for respondent. The alleged agreement is void under the Statute of Frauds. (*Drake* v. *Seaman*, 97 N. Y. 230; *Mentz* v. *Newwitter*, 122 N. Y. 491; *Ward* v. *Hasbrouck*, 169 N. Y. 407; *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310; *Standard Oil Co.* v. *Koch*, 260 N. Y. 150; *Carter Macy Co.* v. *Matthews*, 220 App. Div. 679; 247 N. Y. 532; *Bell Clothes Shops, Inc.*, v. *Kamber*, 204 App. Div. 1; 236 N. Y. 569; *Sophie* v. *Ford*, 230 App. Div. 568; *Taylor Co.* v. *Fansteel Products Co.*, 234 App. Div. 548; 261 N. Y. 514; *Pratt Co.* v. *Roseman*, 259 App. Div. 534; *Webster* v. *Condon*, 248 Mass. 269.)

LEHMAN, Ch. J. The plaintiff's employment as selling agent of the defendant has been terminated. He has brought an action to recover damages resulting from his discharge. In his complaint the plaintiff alleges: " That the defendant agreed to pay to the plaintiff for his services, an amount equal to two and one-half per centum (2½%) of the gross sales in the territories allotted to the plaintiff, payable monthly, and the plaintiff agreed with the defendant so to work for said time and for said compensation."

The defendant pleaded as a defense the Statute of Frauds. In response to the defendant's demand, the plaintiff served a bill of particulars setting forth the " written contract " of employment upon which he relies. It is in the form of a letter addressed to the plaintiff and signed by the president of the defendant cor-

poration. In that letter the writer states among other things: " I promised you that when I took the company out of receivership, I will have you represent the Mercer Tube through Florida and New England. I thought it about time I sent you a letter in writing to that effect * * * You can now consider yourself the exclusive sales agent for Florida and New England territories, for the next ten years, when 1947 comes around we will talk some more, maybe long before that you will find it more profitable to sell pipe only. I know you can make some real money out of selling pipe. You have been some real help to the company since I became associated with it, and I certainly appreciate it." The defendant moved for summary judgment " on the ground that the action has no merit and that the statute of frauds is a complete defense to the complaint." The motion was granted.

The sole serious question presented upon this appeal is whether the alleged agreement is void under the Statute of Frauds. The letter constitutes a memorandum of an agreement to employ the plaintiff as exclusive sales agent in Florida and New England for a period of ten years. It does not in express terms state the compensation which the plaintiff is to receive or define the conditions of the promised employment. To satisfy the Statute of Frauds, the writing must contain all the material terms of the agreement. An incomplete writing may not be supplemented by testimony of oral promises omitted from the writing. The courts below have held that only by such testimony could the allegation of the complaint be sustained that " the defendant agreed to pay to the plaintiff for his services, an amount equal to two and one-half per centum $(2\frac{1}{2}\%)$ of the gross sales in the territories allotted to the plaintiff, payable monthly." The plaintiff contends that the promise to employ the defendant as " exclusive sales agent " when read in the light of the relations of the plaintiff and the defendant and the other circumstances recognized by both when the promise was made, includes " by necessary implication, by inevitable construction," a promise to pay compensation as alleged in the complaint. If that is true, then the writing is sufficient. (*Marks* v. *Cowdin*, 226 N. Y. 138, 143.)

The test formulated in that case is simple, but like other simple tests may at times be difficult to apply. A written memorandum

of a contract of employment not to be performed within one year is sufficient to satisfy the Statute of Frauds (Pers. Prop. Law, § 31; Cons. Laws, ch. 41), if the written words completely formulate the terms of the promised employment or if the written words describe the promised employment complete in every term and condition by reference to existing, external facts. " We do not violate the statute when we fit the description to the facts.", Parol evidence may be required to identify the existing facts to which the written description refers. " We exclude the writing that refers us to spoken words of promise. We admit the one that bids us ascertain a place or a relation by comparison of the description with some ' manifest, external and continuing fact.' " (p. 144.)

We apply this test to the allegations of fact contained in the pleadings and affidavits in this case. These allegations establish, for the purposes of this appeal, that the plaintiff's promised employment as exclusive sales agent continued an existing employment in the same position and for the same commission or compensation; that this commission " was then, and since has remained the customary, usual, and standard rate of compensation for this kind of sales representation in that particular line of plumbing supplies; " and that " all the salesmen of the defendant corporation received compensation in this amount." Parties often reach a complete agreement upon all the terms of a contract though not all the terms have been discussed. The relations of the parties, the customs of the trade, or other facts and circumstances known to the parties, may give rise to a necessary inference that when agreement has been reached upon the terms which have been the subject of discussion, a common understanding and agreement has been reached in regard also to terms which were in the minds of all the parties, though not discussed. A complete agreement so made is not void under the Statute of Frauds, though the writing which is intended to satisfy the statute sets forth only the promises upon which there has been discussion and express agreement, provided the writing itself when read with reference to the relations of the parties and the surrounding circumstances known to both, sufficiently identifies also the other terms and conditions where agreement was tacit. Thus, in *Marks* v. *Cowdin (supra)*, the court held that a writing was sufficient which stated that an existing

employment was continued though it did not set forth the terms and conditions of that employment. That would be true also if the writing set forth an agreement of employment upon "the usual and customary terms." In either of such cases parol testimony to fit the description to existing facts would be admissible. A custom cannot create a contract where there has been no agreement by the parties and none is implied by law; nor can it give validity to a contract which the law declares void. (*Webster* v. *Condon*, 248 Mass. 269.) Nonetheless, the parties may contract with reference to a custom known to both, and then proof of the custom may explain and make definite a writing otherwise vague and of doubtful meaning.

Here the writing does not expressly state that the plaintiff's existing employment is continued upon the same terms or upon customary terms. It is, however, fairly open to the construction that the words "you can now consider yourself the exclusive sales agent for Florida and New England territories, for the next ten years" was intended as a description of an agreement complete in all its terms, leaving nothing open for future discussion or agreement even though there may have been no previous oral discussion or express agreement upon such terms. Parol evidence of the relations of the parties and of custom might not only support such construction of the writing, but might identify the terms and conditions which would fit the description of "exclusive sales agent" of the defendant corporation. "To give heed to these things is not to ignore the rule that the writing must contain all the material terms of the agreement. It is to explain the memorandum without changing or enlarging it." (*Marks* v. *Cowdin*, *supra*, p. 145.) The construction and sufficiency in law of the memorandum must in this case await trial at which proof of the existing relations of the parties and other circumstances known to both parties may clarify the meaning of the letter and identify the terms of the employment.

The judgments should be reversed, with costs in all courts to the appellant and the motion for summary judgment denied, with ten dollars costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.