KALMON DOLGIN Co., INC., Plaintiff, *v.* CUSHMAN & WAKEFIELD, INC., et al., Defendants.

City Court of the City of New York, Special Term, Kings County, July 24, 1962.

*Carb, Luria, Glassner & Cook (William M. Kufeld* of counsel), for defendant. *Bernard R. Selkowe* for plaintiff.

WILLIAM T. COWIN, J. The motion to dismiss the first cause of action of the amended complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, on the ground that it does not state facts sufficient to constitute a cause of action is denied.

The first cause of action is for recovery on a cobrokerage basis of one half of commissions received by defendant Cushman & Wakefield, Inc., for bringing about a sublease between the other defendants, as sublessees, and Lenox Plastics, Inc., not a party here. The operative allegations of the first cause of action are that Lenox authorized defendant broker to sublease through its own services or with a cooperating real estate broker; that on behalf of defendants, sublessees, plaintiff was looking for such space; that plaintiff received from the defendant broker a brochure offering the premises for sublease; that by custom and

usage, where one broker forwards a brochure listing to another broker, and the latter finds a lessee who makes the lease, then the commissions are divided equally between the brokers; that plaintiff induced defendants, sublessees, to enter into the sublease; that defendant broker knew that plaintiff induced the sublessees to sublet the premises; that defendants, sublessees, made the sublease through plaintiff's efforts; that the defendant broker concealed from the plaintiff that the lease had been entered into; that defendant broker failed to pay plaintiff one half of the commission in " breach of the agreement by custom or usage, between plaintiff and defendant Cushman & Wakefield, Inc., as aforesaid."

While the complaint may be inartistically drawn and not pleaded with definiteness, and may be amenable to correction under rule 102 of the Rules of Civil Practice, it is not subject to dismissal under subdivision 4 of rule 106 of the Rules of Civil Practice, if a cause of action is stated (*Gerdes* v. *Reynolds,* 281 N. Y. 180, 184).

It is the defendants' contention that the complaint should be dismissed for failure to allege a contract, and that custom and usage are insufficient to create a contract. Although custom and usage cannot create a contract where there has been no agreement and none is implied by law, " Nonetheless, the parties may contract with reference to a custom known to both, and then proof of the custom may explain and make definite what is otherwise vague and of doubtful meaning " (*Stulsaft* v. *Mercer Tube & Mfg. Co.,* 288 N. Y. 255, 260; see, also, *Blair & Co.* v. *Weininger,* 155 N. Y. S. 2d 203).

Here the complaint does not expressly set forth a contract. Nonetheless, from a reading of the entire complaint, it is open to the construction that the custom of dividing commissions was known to both the plaintiff and the defendant, and that " as a result of the plaintiff's labors aforesaid, and its agreement with the defendant Cushman & Wakefield, Inc., the plaintiff became justly and lawfully entitled to one half of the said commissions."

The construction of the agreement, the relationship of the parties, the custom and usage, are matters for proof at the trial. Liberally construed with a view to substantial justice (Civ. Prac. Act, § 295), the allegations of the first cause of action " however imperfectly, informally, or even illogically " they " maybe stated ", are " deemed to allege ' whatever can be implied from its statements by fair and reasonable intendment ' (*Kain* v. *Larkin,* 141 N. Y. 144, 151) " (*Condon* v. *Associated Hosp. Serv.,* 287 N. Y. 411, 414). The complaint by fair intendment states a cause of action.