■ SIDNEY VYORST, Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant.—Judgment, Supreme Court, New York County, entered March 11, 1977, awarding damages to plaintiff is unanimously reversed, on the law and the facts, without costs and without disbursements, the judgment is vacated, the motion for summary judgment is denied and the cause remanded for trial. Plaintiff here is an insurance broker who entered a profit-sharing contract with defendant. After a period of time the contract was duly terminated. Defendant prepared its accounting for the period and plaintiff brought suit claiming that defendant, in preparing the statement, had improperly combined two years so as to carry back a loss of profits to plaintiff's detriment. Plaintiff moved successfully for summary judgment at Special Term. The parties are agreed that the plaintiff terminated the contract February 16, 1971, and that the final accounting period was December 31, 1972, under section VII of the contract that provided: "should this profit sharing agreement be terminated, no profit-sharing compensation under this agreement shall be payable until the time of accounting, subsequent to December 31 of the first full calendar year, following the date of termination." Also involved in the contract are various formulae for computing income, outgo, and deficit carry-over. The quoted section VII is the hub around which this controversy swirls. The defendant contends that in preparing the accounting statement of December 31, 1972, defendant used sound accounting principles in conformance with the customs and usage of the insurance industry, and further that no contract of this kind could have been written without a provision that on termination there would be an extension of the accounting period. Defendant further claims that the plaintiff is not a stranger to the practices of the insurance industry and therefore was familiar with the meaning of section VII. Obviously, the plaintiff disagrees with the defendant's stance. This contract is one that does not lend itself easily to summary judgment, with one side claiming that the language in section VII means that the whole profit and loss picture between termination and final accounting (a period of 22 months) must be considered in computing plaintiff's profits. There is also a certain ambiguity in the language of section VII where it says that after termination no compensation is payable until the end of a certain accounting period. Plaintiff obviously took this to mean that after his relationship had been terminated he could not be paid until after a certain accounting period. He certainly makes it clear that he did not intend to participate in any losses that may have developed in the intervening 22 months since his termination. Here again, defendant says that this is customary in the trade and that this was the intention of the parties. In *Stulsaft v Mercer Tube & Mfg. Co.* (288 NY 255, 260), it was said that "the parties may contract with reference to a custom known to both, and then proof of the custom may

explain and make definite a writing otherwise vague and of doubtful meaning." That the writing had a doubtful meaning to both sides is very clear. The same *Stulsaft* also held that the construction of an agreement, the relationship of the parties, and any relevant customs, practices and usages are matters for proof at trial. Accordingly, since there are presented triable issues of fact, or at least arguable issues (see *Stillman v 20th Century-Fox Film Corp.,* 3 NY2d 395), the matter must be remanded for plenary proceedings. Concur—Birns, J. P., Evans, Lane and Markewich, JJ.