**VISTATECH ENTERPRISES, LTD., Plaintiff,**

v.

**BROTHER INTERNATIONAL CORPORATION, Defendant.**

**No. 86 Civ. 7178 (RWS).**

United States District Court, S.D. New York.

Jan. 11, 1988.

---

Rosiny & Rosiny, New York City (Allen P. Rosiny, of counsel), for plaintiff.

Gallet & Dreyer, New York City (Robert N. Swetnick, of counsel), Wiley, Malehorn & Sirota, Morristown, N.J. (Fredric J. Sirota, of counsel), for defendant.

## OPINION

SWEET, District Judge.

Plaintiff VistaTech Enterprises, Ltd ("VistaTech") has moved for summary judgment under Rule 56, Fed.R.Civ.P. on its claim for damages and injunctive relief arising out of the termination of its distributorship by defendant Brother International Corporation ("Brother"). Brother has cross-moved under the same rule seeking the dismissal of VistaTech's complaint. Upon the findings and conclusions set forth below, VistaTech's motion will be granted in part and denied in part, and Brother's cross-motion will be denied.

### Prior Proceedings

This action was commenced on September 18, 1986, and discovery proceeded to be completed by December 9, 1987. VistaTech moved for summary judgment on October 16, 1987, Brother cross-moved, and the submission of the parties was completed, and argument was had on November 6, 1987.

VistaTech has made four claims: an antitrust violation, a breach of contract claim, a claim for fraud and punitive damages, and a claim for injunctive relief. Brother has set forth two counterclaims, one for breach of contract and the other for interference with contract, and eight affirmative defenses. VistaTech seeks judgment on its contract and injunctive relief claims alone and Brother has cross-moved and defended solely on the grounds of lack of jurisdiction, the statute of frauds, and the existence of factual disputes.

The parties submitted affidavits and Rule 3(g) statements, and no factual dispute has been presented except as noted below.

### Facts

VistaTech is New York corporation with offices in the City that distributes consumer electronic products by selling them to retail distributors throughout the United States by the use of catalogs and fliers.

Brother is a Delaware corporation with its principal offices in Piscataway, New Jersey. It is the subsidiary of a Japanese corporation that manufactures consumer electronics, in particular, sewing machines and electronic typewriters. Brother sells directly to the retail trade in some portions of the United States and in other areas uses distributors to sell its parent's products. In New York City prior to the summer of 1986 Brother granted orally the exclusive right to sell to Manhattan's "street trade", that is, small camera and appliance stores, some 100 to 300 in number, to the Juno Export Corporation ("Juno").

Since 1984 VistaTech sought the right to distribute Brother products. At a June 1986 consumer electronics trade show in Chicago, officials of VistaTech, Morris Weiser its president and Stephen Kline its National Sales Manager, held discussions with Michael Metro, the Regional Sales Manager of Brother, and the VistaTech fliers and catalogs were discussed. Metro was shown the VistaTech booth, and an agreement was reached to the effect that VistaTech would function as a distributor of certain Brother products, but that no sales would be made in New York City.

On July 7, 1986 John Blaylock ("Blaylock"), Metro's assistant, discussed with Kline and Weiser the guidelines of the operation. At that time he advised Metro by memo of the discussion, undertaking to "keep [him] updated with regard to this lead as things develop." Metro by internal memo of July 15, 1986 advised that "the above account is to be set up on the discount 5 + 5 program * * * * * * * * because this account will be utilized as a distributor."

VistaTech then sent out a flier dated July 15, listing certain Brother typewriter products and announcing that it was a distributor for Brother products. The price list stated "Specials 7/15/86 Thru 9/15/86." Some 10,403 copies of the flier were sent out, 22 of which were addressed to New York City addresses. The flier listed ten categories of products besides Brother typewriters and 104 different models. No sales of Brother typewriters were made by VistaTech to any buyer in New York City. On July 14 VistaTech placed an order for Brother typewriters and received five orders from retailers prior to July 28, 1986 and some nineteen orders thereafter, totalling orders in the amount of $400,000.

On July 26, 1986 Edward Michaelson ("Michaelson"), vice president of Brother's consumer products division and the superior of both Metro and Blaylock, received a telephonic complaint from the president of Juno about VistaTech's flier. This was the first knowledge that Michaelson had on the subject, and VistaTech was the first distributor that Metro had selected. Michaelson was aware of other distributors that had sought the Brother line and concluded that Metro had made a mistake. After verifying the existence of the VistaTech account he instructed Blaylock to cancel it. Blaylock called VistaTech on July 28 and informed them that the distributorship was terminated. No orders by VistaTech were accepted by Brother. Blaylock was fired in 1987 and not produced for deposition.

**Conclusions**

This action is a little like Uncle Remus's Tar Baby, Uncle Remus, *Legends of the Old Plantation,* ch. 2 (1881). No one wants to touch it by way of trial, presumably because of the simplicity of the issues —albeit complicated by counsel—the dynamics of the industry, and the desirability of getting a resolution in the easiest fashion. Notwithstanding the contentions of the parties as to the effect of their actions, there is no dispute as to what in fact happened as set forth above. And therefore the issues may be determined on summary judgment, having in mind the *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) trilogy and the gloss placed upon them by our Circuit. *Knight v. United States Fire Insurance Co.,* 804 F.2d 9 (2d Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987) (A court considering a motion for summary judgment "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party.")

Given VistaTech's damage and injunction claims and the citizenship of the parties, there is diversity jurisdiction, 28 U.S.C. § 1332(a).

The oral agreement described above provided that VistaTech would function as a distributor of Brother products. The price structure was agreed upon as set forth in the Brother internal memorandum, but there is no direct evidence as to the term of the agreement, whether at will or forever.

Neither alternative could have been in contemplation of the parties as a matter of common sense and the economics of trade. On the one hand, the distributor would have to have products available to sell for a reasonable period after issuing its advertisement, and on the other, in the absence of any further agreement, VistaTech could not anticipate a perpetual relationship. In such a circumstance under the applicable New York law, reference can be made to the custom and usage in the trade, *Stulsaft v. Mercer Tube & Mfg. Co.,* 288 N.Y. 255, 260, 43 N.E.2d 31 (1942). Here the record establishes such custom and usage, namely the quotation of prices for a two months period by VistaTech to the trade, a practice

known to Brother and made evident by the VistaTech flier.

Such a construction of the acknowledged agreement between the parties is not only a reasonable inference from the undisputed facts, but a means by which the agreement can be upheld, having in mind the proposition advanced by Brother that an oral distributorship agreement without a time limitation is "essentially a service or employment contract of indefinite duration," *D & N Boening, Inc. v. Kirsch Beverage, Inc.*, 99 A.D.2d 522, 471 N.Y.S.2d 299, 301 *aff'd,* 63 N.Y.2d 449, 483 N.Y.S.2d 164, 472 N.E. 2d 992 (1984). As such, the agreement would be subject to the statute of frauds, N.Y. General Obligations Law § 5–701 (1978 & Supp.), unless, of course, the memoranda of July 15 and 28 are sufficient to take the agreement out of the statute, as indeed the memos taken together are, *see Royal Air Maroc v. Servair Inc.*, 603 F.Supp. 836, 841 (S.D.N.Y.1985) (collecting cases); *see also Morris Cohon & Company v. Russell*, 23 N.Y.2d 569, 574, 297 N.Y.S.2d 947, 245 N.E.2d 712 (1969).

Because the agreement of the parties must be construed to have a term of two months, the difficulties presented by seeking to draw the distinctions between *D & N Boening, Inc., supra,* and *North Shore Bottling Co. v. Schmidt & Sons,* 22 N.Y.2d 171, 292 N.Y.S.2d 86, 239 N.E.2d 189 (1968) need not be resolved.

Similarly, since Brother had a right to terminate after two months, VistaTech is not entitled to injunctive relief.

Based on these facts and conclusions, VistaTech is entitled to any damages suffered from July 15, 1986 to September 15 and costs. Enter partial summary judgment on notice. The parties will attend a pretrial conference as directed by the court.

IT IS SO ORDERED.